## Perjue v. Perjue.

Where R. P. on the 25th day of June, 1851, made his written will, and died about the first of August, 1855 ; and where the said R. P., a few days before his death, and during his last sickness, in the presence of several persons, stated that he " wanted his affairs managed as follows : 1. That there was near $400 on hand, which he wished to be given to his wife; 2. That he directed the personal property to be sold, and the proceeds to be for the use of his wife ; and 3. That he directed the farm to be sold, and each heir to have $200 out of the proceeds thereof;" and also, at the same time, spoke of his written will, and supposed it was of no force, as it had never been recorded, and was not to his notion, and said " that one child was as near to him as another;" which verbal disposition was never reduced to writing; *Held*, That there was no revocation of the written will.

Where on an appeal to the District Court, from the decision of the county court, refusing to admit a will to probate, it appeared that the county court

found, that said will was duly executed; that the testator was of full age, and sound mind and memory; and that the testator at the time of his death, had changed his mind, and did not desire that said instrument should stand as his will, and thereupon the said county court ordered, that said will be not admitted to probate; and where the District Court, on hearing the cause, made an order that said will be admitted to probate, upon proper and sufficient proof being made to the county court, and that the cause be remanded to the county court, for further proceedings not inconsistent with the decision of the District Court; *Held*, 1. That it was unnecessary to remand the cause to the county court, for further proof of the execution of the will; 2. That the order should have been, that the county court admit the will to probate, and take further proceedings not inconsistent with the finding of the District Court; 3. That the District Court did not err in remanding the cause to the county court.

### Appeal from the Appanoose District Court.

RICHARD PERJUE, the father of these parties, made his written will, February 25, 1851, and died about the first of August, 1855. By the terms of this will, his entire estate was given to his wife, for and during her life, upon conditions therein stated, excepting a small amount to a granddaughter. Upon the death of the wife, or if she should marry, his property was devised as follows: To the plaintiff, Ira Perjue, ten dollars; and to his other children, (four in number), all the remaining portion, share and share alike.

At the October term, 1855, of the county court, this will was brought in, and the hearing of proof as to the execution of the same, continued until the December term. At this term, the proof was heard, from which it was found, that said will was duly executed; and that the testator was of full age, and sound mind and memory. And it further appeared, (to use the language of the record,) "that the said testator, at the time of his death, had changed his mind, and did not desire that said instrument should stand as his will," and it was thereupon ordered, "that said will be not allowed and admitted to probate, and that the same be not recorded." From this order, the defendants appealed to the District Court. On the hearing in that court, the cause was submitted to the judge, who found the facts to be as follows: That the will was made and executed on the

Perjue v. Perjue.

day of its date, and that the testator was of sound mind; that in June or July following, he was still well satisfied with the same; that about the first of August, 1855, a few days before his death, and during his last sickness, the testator, in the presence of several persons, stated that he "wanted his affairs arranged as follows: 1. That there was near $400 on hand, which he wished given to his wife; 2. He directed the personal property to be sold, and the proceeds to be for the use of the wife; 3. He directed the farm to be sold, and each heir to have two hundred dollars out of the proceeds thereof." It was also found that at the same time, he "spoke of his written will, and supposed it was of no force, as it never had been recorded, and was not to his notion, and that one child was as near to him as another." This verbal disposition was never reduced to writing.

From these facts, it was found that while the deceased in 1855, declared his intention to dispose of his property, as above stated, yet that said intention remained unexecuted, and that the will was not thereby revoked. An order was thereupon made, that said will "be admitted to probate, upon proper and sufficient proof being made to the county court; and that said cause be remanded to said court, for further proceeding not inconsistent with said finding and decision. From this judgment, plaintiffs appeal.

*Trimble & Galbraith*, for the appellant.

*S. W. Summers*, for the appellees.

WRIGHT, C. J.—We do not understand it to be claimed, with any confidence, by appellants, that there was a *revocation* of the will by what was said and done by the testator, in August, 1855. And without now determining what, under our law, would amount to a revocation, or of the methods in which this revocation may take place, it is sufficient to say, that the circumstances disclosed in this case, can in no way or manner affect the validity of this will. There was certainly no express revocation, nor is there any

Perjue v. Perjue.

ground for claiming that it was impliedly revoked.   4 Kent, 521 ; 1 Greenlf. Ev. § 273 ; Code, § 1288.

It is urged, however, that the District Court should have made an order adopting the will, and that it was error to remand the case for proof to the county court.   Why the appellants should complain of this, we are at a loss to understand.   Whatever error there was in this order, was to the prejudice of the appellees.   As appears from the records of the county court, the said will was fully and sufficiently proved before the appeal to the District Court.   It is manifest that no question was made in either court, as to the due and proper execution thereof, but that it was sought to be avoided, by proof of such subsequent acts as were claimed to amount, if not to a revocation, at least to a change of intention, which was so far executed or carried out, as to render parts, if not all of said will, nugatory and void. There could be no prejudice, therefore, to appellants, in the order remanding the case to the county court, with instructions to admit the will to probate, upon proper and sufficient proof being made.   The proof had already been made to the satisfaction of both courts, and it was entirely unnecessary to require the same to be again produced.   The order should have been, that the county court admit the same to probate, and take further proceedings not inconsistent with the finding of the District Court.

The objection that the District Court should have admitted the will to probate, and not have remanded the case to the county court for any purpose, is entirely untenable. The appellate court had nothing to do with the case, nor with the administration of the estate, beyond hearing the appeal.   When that was determined, there was no reason for retaining it in that court; nor any necessity for making the final order permitting it to be recorded.   To have done so, would have involved the necessity of having it recorded in a book, unknown to the records of the District Court, but which, under the law, is kept and provided by the county court alone.   Code, § 1295.

Judgment affirmed.