OWEN DUFFIE *et al.*, propounders, plaintiffs in error, *vs.* WILLIAM CORRIDON, caveator, defendant in error.

The witnesses to a will must *subscribe* their names, as witnesses, after the will is signed by the testator. It is not enough that they acknowledge signatures made the day before the execution of the will, even though such signatures were in the presence of the testator, if, in fact, the will was not then *signed* by the deceased.

Attestation of Wills. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1869.

In 1868, Mrs. Corridon, being *in extremis*, wished to make her will, conveying realty and personalty. It was written and read over to her; she was satisfied with it, and declared it to be her will. Four persons (including the scrivener) who were present, signed it as witnesses. Next morning the scrivener remembered that she had not signed it. He went back to her to have it signed. Two of the original witnesses being absent, he took the other one, and a different person, again read over the paper to her, and she again said it was her will, and signed it by her mark in presence of these three persons. The names of the absent original witnesses were erased, the new person subscribed his name as a witness in her presence, and that of the others, and they, without re-writing their names, each acknowledged his signature to be genuine, and adopted it in presence of testator and the other witness.

She died, and this paper was propounded by Duffie *et al.*,

Duffie *et al.*, *vs.* Corridon.

as her will.   This was resisted upon several grounds, among which was, that said paper had never been so signed and attested as to make it a will.   The facts aforesaid were shown. The Court charged the jury that if, on the first day, said paper was read over to her, and she acknowledged it to be her will in presence of four witnesses, who then and there subscribed their names thereto as subscribing witnesses, and she omitted to sign her name to the paper, or to authorize another to. do it for her, and on the next day two of said subscribing witnesses being absent and two present, the names of those absent were erased, and the paper was read over to her in presence of the two witnesses of the first day, and of another witness, and then and there she signed her name, and the new witness signed his name, and the two other witnesses, without re-writing their names, then and there acknowledged and adopted as their signatures the signatures which they had made the day before, and all other requisites were complied with, such attestation was not sufficient to make said paper a good will.   The jury found against the paper. A motion for new trial was overruled.   Error is assigned upon said charge, (minor points being waived.)

MOSES & GERRARD, for plaintiffs in error, said an adoption of previous signatures of testator is good :   1st Vesey, Jr., 12 ; 2 Vesey, Sr., 454 ; 6 V. & B., 362 ; 6. Bing., 310 ; 17 Peck, 363 ; 30 Ga. R., 808.   *Under Statute* (1 Vic.,) such adoption by witness of his previous signature is bad: 7 Eccl. R., 416–17–18, 429, 430.   There is a distinction between acknowledging a signature and acknowledging a will :   10 Paige's Ch. R., 92.   This refinement not adopted in America :   Redfield on Wills, 229, 230 ; 2 Grattan, 439, 67 ; 6th Grattan, 57 ; 16 B. Munroe, 102 ; 1 B. Munroe, 116 ; 24 Penn. S. R., Flaming's Will ; 25 Conn. R., 464 ; 1 Jarman on Wills, 77 ; Walker vs. Hunter, 17th Ga. R., 364 ; Redfield on Wills, 230 ; 1 Rob., 772 ; Jarman on Wills, (Ed. 1861,) 77 ; Irwin's Code, sec. 2442 ; 30th Ga. R., 32.

JAMES M. RUSSELL, for defendant, in reply, cited Irwin's Code, secs. 2379, 2380 ; Statute of Frauds, 29 Car., 11, c. 3,

sec. 5; Statute, 1 Vic., c. 26, sec. 9; 6 Hill's (N. Y.) R., 303; 1 M. & W. R., 168; 1 Gr. Ev., sec. 569, 569, (*a*); 11 Allen (Mass.) R., and cases cited; 8 H. L. Cas., 160; Redfield on Wills, 229, 230, 243, notes; 13th Curtis, 131, 341, 374, 44, 429, 537; 1 Jar. on Wills, 77; 1 S. & S., 132; 1 Rob., 772; 2 Rob., 311; 18 Ga. R., 396; 9 Burr, 54; 10 Watts, 153; Wheat., 395; 8 Watts & S., 21, 26; 2 Casey, 219.

McCAY, J.

The will in this case was read over to the testatrix, and was signed by three witnesses, but not by the *testatrix*. This, as we suppose, was a mere mistake, but it does not appear whether they thought this was sufficient, or whether the failure of Mrs. Corridon to sign was a pure accident. At any rate, when, next day, it was noticed that the testatrix had not signed, the scrivener procured two of those who had already signed, and a third, and the testatrix signed the will in the presence of *these three*. The new man signed his name, and the two others *acknowledged* their signatures made the *day before*. Was this a sufficient signing and attestation under the statute? The words of our Code, section 2379, are as follows: "All wills, (except nuncupative wills,) disposing of realty or personalty, *must* be in writing, signed by the party making the same, or by some other person in his presence, and by his express directions, and shall be *attested and subscribed* in the presence of the testator by three or more credible witnesses."

Section 2370 provides "that a witness may *attest* by his mark, provided he can swear to the same, but one witness cannot subscribe the name of another, even in his presence and by his direction."

Nothing is better settled than that a will, to be good, must be executed precisely according to the statute. Wills divert the property of the testator out of the channel fixed by law, and the law permitting this to be done must be followed. What is it the witnesses to a will attest? Principally the *signature*. The witnesses need not know the contents of the

Duffie *et al.*, *vs.* Corridon.

will. The testator may merely acknowledge his signature before them, or may *sign it,* without saying to them it is his will. Any other fact in relation to the will, as the sanity of the testator, his knowledge of the contents, his intelligent assent to the will, may be proven by other witnesses. The *signature* is the only fact which *must* be proven by the chosen witnesses. When, therefore, the statute says the will must be *signed,* and attested and *subscribed* by three witnesses, the inference is strong that the meaning is, that the fact of the *signing* must be attested by three witnesses, and that they must subscribe as an evidence of their attestation to the *signature.* Was that done in this case? Two of these witnesses did not *subscribe,* as an evidence of their attestation, to the *signing* by the testatrix. *Their signatures* were *subscribed* as an evidence of what? That the testatrix consented to the will, knew its contents, but they were not *subscribed* as an attestation of the signature of the testatrix; and that is the very thing, the only thing, the statute requires of the witnesses. As we have said, every other fact may be proven by other witnesses. But this fact, to-wit: the *signature* of the testatrix, can only be proven by the *subscription* of the witnesses. Section 2380 of the Code declares that one witness cannot subscribe the name of another, even in his presence and by his direction. He must subscribe it himself. Does not this clearly indicate that the manual act of *subscription* by the witness is necessary? In our judgment, therefore, the witness must subscribe as an attestation of the fact he is called on to attest, to-wit: the *signature of the paper* by the maker of the will.

It is said that the testator may *acknowledge* a previous signature. This is expressly provided for by section 2383 of our Code, and was also the common law. But it will be noticed that both the Statute of Frauds and our law allow the testator's signature to be made by a third person if it is done in the testator's presence and by his express direction. And under such a law it might well enough be held, that if the testator, in the presence of the witnesses, acknowledged the signature, it was sufficient. But no such permission is

granted to the witnesses. The Statute of Frauds, it is true, says nothing on the subject, but our Code, section 2380 expressly says that the witness must subscribe his *own* name, or make such a mark as he can swear to, and that he *can not* authorize another to write his name.

There seem to be no English cases on this question previously to our adopting statute. Several cases have, however, arisen under the Act of 1st Victoria, chapter 28, section 9. See Redfield on Wills, 1st volume, 228, 230, and cases cited there. In these cases it is, in substance, held that the acknowledgement, by a witness, of his signature previously made, is not sufficient. Some American cases are the other way, and Mr. Redfield thinks they are right upon principle : Red. on Wills, 1 vol., 230.

It was said in argument that the English cases turned upon the words of the Statute of Victoria. But those words are, and "such witnesses shall attest and *subscribe the will.*" The English statute, too, it was said, expressly authorizes the testator to *acknowledge* the signature, but is silent as to the right of the witnesses to acknowledge. Our Act is precisely so : See section 2383 of the Code. The truth is, the witnesses to a will, as *subscribing* witness, attest the *signature*, and nothing else. Any other fact, as we have said, may be proven by other witnesses. These two witnesses did not *attest* and *subscribe* in the presence of the testator *the signature* of the testator. *Their* subscription was to the fact of her knowledge of and consent to the will. This was insufficient. Her *signature* was necessary. This they did not attest and *subscribe*. Can the acknowledgement one makes of a signature give to that signature an attesting power more or greater than it had when it was subscribed ? It is admitted that it was *subscribed* as an attestation only of facts which were not sufficient in law to make a good will. Can the *acknowledgement* of the *signature* make it the evidence of a fact which occurred after it was put to the will?

We think, both upon principle and authority, the Court below was right, and we affirm the judgment.