## BROOKS *v.* WOODSON *et al.*

According to the doctrine of *Duffie* v. *Corridon*, 40 *Ga.* 122, the witnesses to a will must subscribe their names as witnesses after the

will is signed by the testator, there being nothing to attest until his signature has been annexed. It makes no difference that the signing and attestation are each a part of one and the same transaction.

July 8, 1891. By two Justices. Argued at the last term.

Wills. Witness. Before Judge MILLER. Bibb superior court. April term, 1890.

Caveat to the probate of a will in solemn form. It appearing from the testimony introduced by the propounder that the paper propounded was not signed by the alleged testator until after it was signed by the witnesses thereto, though the signature by testator and witnesses was all part of the same transaction, the testator making his mark just after the last of the witnesses had subscribed his own name and written the name of the testator, the judge refused to admit the alleged will in evidence, holding that because it appeared that the witnesses signed in fact before the testator, the will was invalid and not entitled to probate. Error was assigned upon this ruling.

HILL & HARRIS, for propounder.

HARDEMAN & DAVIS, TURNER & WILLINGHAM and DESSAU & BARTLETT, *contra.*

BLECKLEY, Chief Justice.

There is nothing to distinguish this case from *Duffie* v. *Corridon*, 40 *Ga*. 122, except that in the execution and attestation of this will there was but one transaction, the witnesses all subscribing the unsigned will in the presence of the testator, and he, at the same time and place and immediately after they affixed their signatures, signing the document in their presence. In *Duffie* v. *Corridon* there were two interviews, at the first of which two of the witnesses (together with another who was not afterwards present) subscribed, and at the second, the testator and the third witness. But is this difference in the facts of the two cases material? The

doctrine distinctly held by the court in ruling *Duffie* v. *Corridon* is, that until the testator signs, there is nothing to attest, the signature of the testator being the principal if not the only matter to which the attestation contemplated by law applies. It is obvious that if this be the true reason why the witnesses cannot subscribe their names until after the testator has signed his, it is of no consequence when the form of attesting an unsigned will is gone through with, whether on the same occasion of the testator's added signature or on a previous occasion. In either case the attesting act would be performed when there was no signature in existence to be attested, and therefore no subject-matter to which the act could apply. To witness a future event is equally impossible, whether it occur the next moment or the next week.

We rule the present case on the authority of the prior one above cited, being satisfied, after careful examination, that to abide by the principle of that decision we must regard the order of time in which the respective signatures occur, rather than the interval of time by which they are separated. The manifest teaching of *Duffie* v. *Corridon* is that the testator must sign *first*. That teaching is not followed but directly violated when the witnesses sign first.          *Judgment affirmed.*

Note.—Where signing by one or more of the witnesses precedes that of the testator, and is on a different occasion, the will is not validly attested: Reed *v.* Watson, 27 Ind. 443; Hindmarsh *v.* Charlton, 8 H. L. Cas. 160. But when all (witnesses and testator) sign on the same occasion, authorities differ. The will is held not good in Olding's case, 2 Curt. 865; Byrd's case, 3 *Id.* 117; Cooper *v.* Bockett, 3 *Id.* 648; Shaw *v.* Neville, 1 Jur. (N. S.) 408; Ragland *v.* Huntington, 1 Ired. L. 563; Jackson *v.* Jackson, 39 N. Y. 153; Sisters of Charity *v.* Kelly, 67 N. Y. 409; McMulkin's case, 6 Dem. (N. Y.) 347; and see Pearson *v.* Pearson, L. R. 2

Prob. & D. 451; Fischer v. Popham, 3 *Id.* 246. In the following cases the attestation had an additional element of invalidity, namely as not being done in testator's presence : Cox's will, 1 Jones, 321; Boldry v. Parris, 2 Cush. 433 ; Chase v. Kittredge, 11 Allen, 49 (cases reviewed). The will is held good in Obrien v. Galagher, 25 Conn. 229, and in Miller v. McNeill, 35 Pa. St. 217. But in connection with this latter case, it must be observed that the Penn. law does not require subscribing witnesses. Statute quoted and cases cited in Frew v. Clarke, 80 Pa. St. 178, 179 ; 2 Brightly's Purdon's Dig. (ed. 1885), p. 1710, note (h). In Swift v. Wyley, 1 B Mon. 114, the decision rests partly upon *acknowledgment* of signatures by the witnesses It is miscited in Chisholm v. Ben, 7 B. Mon. 410, but followed in Sechrest v. Edwards, 4 Met. (Ky.) 163 The case of Vaughn v. Burford, 3 Bradf. (N. Y.) 78, is overruled by the N. Y. cases cited *supra.* Rosser v. Franklin, 6 Grat. 1, rests partly on the fact that the signature of the testator was by his request affixed before attestation. In Virginia too, witness may acknowledge signature : Sturdivant v. Birchett, 10 Grat. 67. And see Pollock v. Glassell, 2 Grat. 439. In general see 1 Jarman on Wills, *110 ; Schouler on Wills, §328 ; Beach on Wills, §43.