LANE *v.* LANE.

Under the decision in *Brooks* v. *Woodson,* 87 *Ga.* 379, "witnesses to a will
must subscribe their names as witnesses after the will is signed by the
testator, there being nothing to attest until his signature has been
annexed.   It makes no difference that the signing and attestation are
each a part of one and the same transaction."   This ruling is adhered to,
and controls the present case.

Submitted March 3,—Decided May 16, 1906.

Probate of will.   Before Judge Gober.   Cobb superior court.
March 13, 1905.

A will was propounded for probate in solemn form.   It appeared,
from the testimony introduced by the propounder, that the paper
propounded was not signed by the alleged testatrix until after it was
signed by the witnesses thereto, though there was evidence to the
effect that the signing by the testatrix and by them was all a part

of the same transaction, she having signed just after the last witness had subscribed his name. The presiding judge held that the paper was not valid as a will and not entitled to probate, and directed a verdict accordingly. The propounder excepted.

J. S. James, for plaintiff. J. E. Mozley, for defendant.

LUMPKIN, J. (After stating the facts.)

1. This case is controlled by the decision in Brooks v. Woodson, 87 Ga. 379, and it in turn rests upon that in Duffie v. Corridon, 40 Ga. 122. We are asked to review and reverse those decisions, but we are content to adhere to them. It is true that there is a conflict of rulings as to whether a will is valid if the signing by the testator and the attestation by the witnesses are each a part of the same transaction, although the testator may not sign first. In the opinion in the case above cited, Bleckley, Chief Justice, said: "To witness a future event is equally impossible, whether it occur the next moment or the next week." The note following the decision collects a number of authorities and shows that the view taken in this State by no means stands alone, but has the support of other courts of last resort. See also Marshall v. Mason, 57 N. E. 310, 176 Mass. 216; Simmons v. Leonard, 91 Tenn. 183; Welty v. Welty, 8 Md. 15. The text-writers express different opinions on the subject of where the weight of authority is to be found. This will readily be seen by comparing Pritchard on Wills, §217; Schouler on Wills (3d ed.), §328; Underhill on Wills, §195; Page on Wills, §222. When it is considered how ancient is the practice of having attesting witnesses to wills, the vast number of them which have been made, and the almost infinite variety of circumstances attending their execution, it is not surprising that some diversity of views should have arisen. As an illustration of the antiquity of the practice of attesting wills, it is said that recently some wills have been unearthed in Egypt which were made in the forty-fourth year of the reign of Amenemhat III [B. C. 2550]; and that they were witnessed by two scribes, with attestation clauses very similar to those now in use. Rood on Wills, §12.

We are satisfied to rest the present case upon the former decisions of this court.

*Judgment affirmed. All the Justices concur.*