EMMA SMITH, CHRISTINA SMITH, and JOSEPHINE WOODWARD, Appellants, v. LEWIS RYAN.

**Evidence:** NON-EXPERT OPINIONS.   A non-expert must base his conclusion as to the mental capacity of a testator solely on his personal knowledge of facts previously detailed by him in the evidence; but it is not error to allow him to answer a question not so limited in form, where it is apparent from the connection that the witness understands his opinion must rest exclusively on the facts so detailed.

**Wills:** EVIDENCE: TESTAMENTARY CAPACITY.   Where plaintiff in an action to set aside a will is permitted to show the actions and conversation of a testatrix from a time previous to the execution of her will, in proof of the claim that she was suffering from *senile dementia,* the proponents may also show how she talked and acted in particular respects during that time by those who were acquainted with her.

**Evidence:** IMPEACHMENT.   Evidence of the prior statements of a will contestant, shown for the evident purpose of impeaching such party, are held not subject to the objection that they were proven as declarations against her interest and therefore direct evidence against co-contestants.

**Will contest:** EVIDENCE. Evidence of the financial condition years prior to the making of a will has no bearing on testamentary capacity or the influences surrounding the testator at the making of the will; but evidence of the sole devisee's financial condition, ill-health and expenditures on testatrix's property is admissible, as tending to show the reasonableness of the will.

**Same:** DUE EXECUTION: SUBMISSION OF ISSUE. The probate of a will is conclusive that it was duly executed until the same is set aside; and the mere fact that the will was not read to the testator, or by him in the presence of the subscribing witnesses does not require a submission of the question of due execution, in a proceeding to set the probate aside.

**Evidence of mental condition:** REVOCATION. The statements of a testator tending to throw light on his mental condition at the time the will was executed may be shown in connection with other circumstances attending the execution of the will; but subsequent declarations as to the wishes of testator with reference to his disposition of his property cannot be considered to establish a revocation of the will.

**Objection to evidence:** WHEN A PARTY IS PRECLUDED. The contestants of a will who have shown the declarations of a testator in making their case, on an issue of undue influence, cannot object to a consideration thereof by the jury on such issue.

*Appeal from Pottawattamie District Court.*— HON. O. D. WHEELER, Judge.

·MONDAY, MAY 20, 1907.

REHEARING DENIED, TUESDAY, NOVEMBER 19, 1907.

PROCEEDING to set aside the probate of a will on the grounds that it was not duly executed; that it was procured by fraud, duress, and undue influence of defendant, who is the sole devisee; and that testatrix lacked testamentary capacity. The issues raised by denials of plaintiffs' allegations were tried to a jury, and from judgment on a verdict for defendant plaintiffs appeal.— *Affirmed.*

*Flickinger Bros.,* for appellants.

*Harl & Tinley,* for appellee.

McCLAIN, J.— An instrument purporting to be the will of Christina Ryan, deceased, was offered for probate by defendant, her surviving husband and sole devisee, and probate was granted without contest. Subsequently this action was commenced by plaintiffs, who are the children of Christina Ryan by a previous marriage, to set aside the order of probate.

I.   In one group of errors assigned may be considered many objections to questions asked non-expert witnesses as to the mental capacity of testatrix. There is no controversy between counsel as to the general rule that a non-expert witness may state his conclusions as to mental capacity of a testator, only as based upon facts of his own knowledge detailed by him in evidence. Where the non-expert witness testifies in favor of mental capacity, he cannot be limited to specific facts so strictly as one who expresses an opinion against such capacity; but there is no necessity here for a discussion of this distinction. Many of the questions in response to which witnesses for defendant were allowed to state as a conclusion that testatrix was of sound mind, over the objection for plaintiffs that such opinion was not based solely on the facts detailed by the witness in his testimony, were unobjectionable, on that ground, showing as they plainly do, that the opinions expressed were based on the facts narrated as of the witnesses' own knowledge. In a few instances, the questions as set out in the abstract seem to call for the opinion of the witness without regard to any facts to which the witness has testified; but in these instances an examination of the transcript, which has been rendered necessary by denials and reaffirmances of the correctness of the abstract as to these specific questions, has demonstrated that in the connection in which the questions were asked the witnesses must have understood that the opinions called for were those based exclusively on the facts already detailed by the witnesses, respectively.

1. EVIDENCE: non-expert opinions.

II.   Another group of errors assigned includes various objections to rulings permitting witnesses for defendant to relate the habits and characteristics of testatrix which had

2. Wills:
evidence:
testamentary
capacity.

come under their observation.   Witnesses for plaintiffs had been called to testify as to strange and unnatural actions and conversations on the part of testatrix from a time preceding the execution of the will up to her death, in support of the express allegation of the petition that at the time of the execution of the will she was suffering from a long-continued and progressive disease, called " senile dementia," which rendered her incapable of executing a valid will; and it was certainly competent for proponent to show, by witnesses intimately acquainted with her and familiar with her conduct and habits during that period of time, how she talked and acted in particular respects, as tending to show that she was not afflicted, as claimed by plaintiffs.   Such testimony was received and considered in *Bever v. Spangler,* 93 Iowa, 577; *Denning v. Butcher,* 91 Iowa, 425, and many other cases to which specific reference is unnecessary, without any intimation by this court that such evidence was incompetent.

III.   It is claimed that statements of Josephine Woodworth, one of the plaintiffs, to the effect that she had destroyed a prior will of her mother, were proven as declarations against her interest, which could not

3. Evidence:
impeachment.

properly be considered as against the other plaintiffs.   There is no occasion for invoking any such rule.   The statements were evidently proven for the purpose of impeaching the testimony of plaintiff Woodworth, given on cross-examination, that she had not destroyed the prior will.   Whether the statements were properly admissible by way of impeachment is not now the question.   Such statements had no bearing as direct evidence against plaintiffs, nor could they be construed as in any way prejudicial to plaintiffs, save as they tended to affect the credibility of Mrs. Woodworth as a witness.

IV. Complaint is made of a ruling striking out all the testimony of plaintiffs as to their mother's financial condition when she married defendant. No suggestion is made, however, as to what bearing this evidence could have had on the mental capacity of testatrix or the influences surrounding her when the will was executed, seventeen years afterward. Defendant's testimony as to his own embarrassing financial condition, ill-health, and expenditures on his wife's property was admissible as tending to show the reasonableness of the disposition of testatrix' property. *Sim v. Russell,* 90 Iowa, 656.

4. WILL CONTEST: evidence.

V. It is contended that the court erred in withholding from the jury the issue as to due execution of the will. The probate of the will was conclusive that it had been duly executed until such probate was set aside by an original, or appellate, proceeding. Code, section 3296. The burden was therefore on appellants to sustain their allegations that the instrument was not properly executed. It is not sufficient that there is a dearth of evidence on the question. The claim made is that on cross-examination of one of the attesting witnesses, called by proponent, it was made to appear that the will was not read over to the testatrix in the presence of the attesting witnesses, and that she signed it by making her mark after the witnesses had signed the certificate of attestation. It is not required by the statute that the will be read to the testator or by him, in the presence of the witnesses. Code, section 3274. It seems that the attesting witnesses must sign after the testator has signed, and not before. *Marshall v. Mason,* 176 Mass. 216; *Brookes v. Woodson,* 87 Ga. 379 (13 S. E. 712, 14 L. R. A. 160). The statement of the attesting witness, as given in the abstract, that testatrix affixed her mark after the witnesses had signed, is not, however, found in the transcript which we have been compelled to consult in view of a denial in the appellee's amended abstract of the correctness of the abstract as to the testimony of this witness.

5. SAME: due execution: submission of issue.

There is nothing in the testimony of the witness, as read from the transcript, to support the contention that the will was not duly executed, and the court therefore properly withheld from the jury any issue as to the execution of the will.

VI. With reference to the instructions, the following suggestions will be sufficient in reply to the criticisms upon them made by counsel. Statements or declarations of tes-

**6. EVIDENCE OF MENTAL CONDITION: revocation.** tatrix, or conduct on her part, tending to throw light on her mental condition at the time the will was executed, might properly be considered by the jury, in connection with other facts and circumstances surrounding or attending the execution of the will. *Manatt·v. Scott,* 106 Iowa, 203, 211·; *In re Goldthorpe's Estate,* 94 Iowa, 336; *Dye v. Young,* 55 Iowa, 433. But subsequent declarations as to the wishes of testatrix with reference to the disposition of her property cannot be considered as tending to show revocation of a will, and the jury was properly so instructed. *Perjue v. Perjue,* 4 Iowa, 520; *Gay v. Gay,* 60 Iowa, 415.

The contention that the court erred in authorizing the jury to take into account declarations of testatrix prior and subsequent to the execution of the will, as bearing upon the

**7. OBJECTION TO EVIDENCE: when a party is precluded.** issue as to undue influence, is not well founded; for the evidence as to such declarations was introduced by plaintiffs in making out the affirmative case on that issue. They cannot now claim, after having put the evidence before the jury, that it should not be considered on that question. The issue as to coercion and duress was properly withdrawn from the jury, because there was no evidence to support a finding on that ground in plaintiff's favor.

We discover no error in the record, and the judgment is *affirmed.*