## 27402. WALDREP v. GOODWIN.

HAWES, Justice. On May 6, 1971, this court decided *Waldrep v. Goodwin,* 227 Ga. 560 (181 SE2d 837), affirming the admission to probate of a will of Mrs. Muriel Waldrep. Subsequently, the caveator in that case, Hubert Waldrep, filed a petition before the Ordinary of Haralson County for the probate of a purportedly later-discovered will of his deceased wife. His daughter, Buena Waldrep Goodwin, the propounder of the earlier will, was served on May 26, 1971, and thereafter filed her caveat, alleging in opposition to probate that Muriel Waldrep, her mother, was not of sound mind when the will was made, that she had not made the will voluntarily but under the undue influence of Hubert Waldrep, and that she had in any event not signed the will, such signature as appearing being a forgery. Following a hearing and an adverse decision, Buena Waldrep Goodwin appealed to the superior court and moved for summary judgment, relying on the pleadings and transcript of the testimony in the inferior court. The parties submitted the case for decision on the motion for summary judgment on this record, and the trial court granted summary judgment in favor of the caveatrix. The present appeal is from that judgment and presents for resolution the substantive question whether in the

execution of a will any priority should be assigned the signatures of testator or testatrix and of witnesses when all sign contemporaneously and in the presence of each other. We believe there should not, and in so ruling reverse the trial court's award of summary judgment.

1. The elemental principle should be noted at the outset that once a party in the position of a defendant who is a movant for summary judgment pierces the pleadings of one in the position of a plaintiff and shows to the court that one essential element under any theory of recovery is lacking and incapable of proof, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. *American Plan Corp. v. Beckham,* 125 Ga. App. 416 (1) (188 SE2d 151) (1972). The trial court in awarding summary judgment to the movant, Mrs. Goodwin, necessarily relied upon evidence disclosing the will had not been executed in accordance with testamentary formalities, the other grounds asserted in the caveat in opposition to probate—the question of the testatrix' testamentary capacity, of the undue influence upon the testatrix of Hubert Waldrep in making the will, and of the forgery of the testatrix' signature—all being still in issue and capable of proof as the pleadings and evidence so indicate. The single ground, therefore, which would support the grant of summary judgment was the uncontradicted evidence brought out in testimony before the ordinary that at least one of the attesting witnesses signed the will before the testatrix.

2. Since *Duffie v. Corridon,* 40 Ga. 122 (1869), it has been the law of this State that subscribing witnesses to a will attest to the signature of a testator, that such signature is the legal act required of the testator in authenticating his will, and that a witness may not place his signature on the document before the testator

because such would require the inference a witness may attest to a future act, which cannot be done. In *Duffie* and later cases upon this reasoning, it was declared that a subscribing witness may not acknowledge his own signature and that consequently even if signing and attestation are of the same continuous transaction, if a witness signs first, the will is of no value. *Brooks v. Woodson,* 87 Ga. 379 (13 SE 712, 14 LRA 160) (1890); *Lane v. Lane,* 125 Ga. 386 (54 SE 90, 114 ASR 207, 5 AC 462) (1906); and *Small v. Jarrett,* 156 Ga. 604 (119 SE 717) (1923). Because these cases present clear precedent for holding the will presently under consideration invalid, we have been called upon to reconsider them in the light of modern experience and opinion. (For an indication of how other jurisdictions have approached the question of the order of signatures in the execution of wills, see Annot. 91 ALR2d 733 (1963) and the case notes, 21 Cornell L. Q. 674 (1935), 6 N. Y. U. L. Rev. 186 (1929), 1 Okla. L. Rev. 327 (1948), and 37 Yale L. J. 1003 (1928). See generally Atkinson on Wills, § 71, p. 337 (2d Ed. 1953); 1 Redfearn, Wills and Administration in Georgia, § 67, p. 130 (3d Ed. 1965), and Rees, American Wills Statutes, 46 Va. L. Rev. 613 (1960)). In doing so we have concluded that they rest upon the erroneous premise that subscribing witnesses attest to a testator's signature and that to allow their continued vitality would be to defer to a formality of execution which provides no benign safeguard against fraud. To the extent these cases conflict with the rule we here announce, they will be, and are, overruled.

Our Wills Statute, Code Ann. § 113-301, provides, "All wills (except nuncupative wills) disposing of realty or personalty shall be in writing, signed by the party making the same or by some other person in his presence and by his express direction, and shall be attested and subscribed in the presence of the testator

by two or more competent witnesses." Ga. L. 1851-2, p. 104, as amended. This statute does not of itself make that which is attested by a witness the signature of the testator. Like the Statute of Frauds upon which it was modeled, it does not set forth any particular acts of authentication by the testator to be attested by the witnesses.

The Statute of Frauds, 29 Chas. II, c. 3, § V (1677), similarly provided that " . . . all devises and bequests . . . shall be attested and subscribed . . . by . . . witnesses." Under early prevailing decisional law it was the rule of the English courts that it was sufficient for the testator to acknowledge the document as one which he desired to give legal effect, and that the witnesses were not required even to see his signature because they were attesting "devises and bequests." White v. Trustees of British Museum, 6 Bing. 310, 130 Eng. Rep. 1299 (1829). See also the dissenting opinion of Mr. Justice Nichols in *Argo v. Geise,* 224 Ga. 695, 697 (164 SE2d 134) (1968), for a discussion of English common law and Georgia decisions. With the enactment of the English Wills Act, 7 Wm. IV and 1 Vict., c. 26, § IX (1837), however, specifying that when the testator did not sign in the presence of the witnesses, "such signature shall be . . . acknowledged by the testator" in their presence, it became the signature which appeared to be the subject of attestation so that it had to appear in a position where the witnesses could see it if they deigned to look. Hudson v. Parker, 1 Rob. Ecc. 14, 163 Eng. Rep. 948 (1844). See also Daintree v. Bucher and Fasulo, L. R., 13 Prob. Div. 102 (1888). In the ruling of Goods of Olding, 2 Curt. Ecc. 865, 163 Eng. Rep. 611 (1841), resting upon an interpretation of the Wills Act of 1837, it was declared that the testator must sign first whether the signatures were affixed in the same continuous transaction or not.

When, in 1869, this court in *Duffie v. Corridon,* 40 Ga. 122, announced the rule of construction of the present Code Ann. § 113-301, it was based upon a reading of cases arising "under the Act of 1st Victoria" to the effect that a testator authenticated his will with his signature and that witnesses might not acknowledge their own signatures were they to sign before the testator. It was not based on those cases interpreting the Statute of Frauds from which Code Ann. § 113-301 was taken. In so deciding there was read into our own Wills Statute a formal rule of execution not demanded by the language of the Statute of Frauds nor otherwise required by English common law decisions interpreting that Statute. To the contrary, the language of our Wills Statute, in providing that "All wills . . . shall be attested and subscribed in the presence of the testator by two or more competent witnesses," pointed to the conclusion that it was the will as declared by the testator which was being attested, rather than the testator's signature.

The substantive origin of the Statute of Frauds, as well as that of Code Ann. § 113-301, was the need to establish rules for the execution of wills which precluded as well as possible the occurrence of fraud in the disposition of estates, often the result of a life's labor. The law, within the confines of these rules, seeks to afford the full realization of the testamentary desires of individuals, and to the extent that decision-established rules frustrate these desires without clearly providing safeguards against fraud, they are not entitled to continued recognition. The rules of construction as laid down in *Duffie v. Corridon,* 40 Ga. 122, supra, *Brooks v. Woodson,* 87 Ga. 379, supra, and those cases following, that witnesses attest a testator's signature and that a will is rendered invalid if a witness signs before the testator no matter whether the signatures are affixed in the same

continuous transaction, are rationalizations opposing the effectuation of testamentary desires while offering no preventative for fraud. They will no longer be followed because there can be no fraud when all parties sit at the same table and affix their signatures in the presence of each other regardless of who signs first.

In announcing here that witnesses attest to the will as declared by the testator and that no priority of signature of testator and witnesses should be assigned in the execution of a will, we do not eliminate our requirement that the testator must sign or acknowledge his signature in the presence of the witnesses. As with questions of the authenticity of the testator's signature, of the testamentary capacity of the testator, and of the undue influence upon him of others in making his will, the signing, or acknowledgment of his signature, by the testator in the presence of attesting witnesses is a matter of proof.

3. Under the facts of the present case, it appearing from the testimony before the ordinary that the testatrix declared the disputed will to the witnesses, Melvin Laminack and Albert Williams, that the witnesses affixed their signatures to the will in the presence of the testatrix, and that as part of the same transaction the testatrix likewise signed in their presence, it was error for the trial court to grant the caveatrix' motion for summary judgment. The judgment is reversed and the cause remanded for trial on the remaining issues raised by the caveat of Buena Waldrep Goodwin.

*Judgment reversed. All the Justices concur, except Undercofler, J., who concurs specially.*

Submitted September 12, 1972 —Decided January 4, 1973.

*Claude V. Driver,* for appellant.
*Howe & Howe, Donald B. Howe, Jr.,* for appellee.

UNDERCOFLER, Justice, concurring specially. I concur in the judgment and in overruling cases exemplified by *Duffie v. Corridon,* 40 Ga. 122, to the extent that they apply to the facts of the instant case. However, I do not agree with all that is said in the majority opinion. It reasons that this court, in *Duffie v. Corridon,* 40 Ga. 122, (1869), erroneously applied cases construing the English Wills Act, 7 Wm. IV & 1 Vict., c. 26, § IX (1837), to our Georgia statute which was patterned on the English Statute of Frauds, 29 Chas. II, c. 3, § 5 (1677), which latter Act only required attestation of the will "as declared by the testator . . . rather than the testator's signature." But the majority opinion then declares that "the testator must sign or acknowledge his signature in the presence of the witnesses" which is a requirement of the English Wills Act, 7 Wm. IV & 1 Vict., c. 26, § IX. To me it is inconsistent to say that this court in 1869 erred in reading into the Georgia statute a requirement of 7 Wm. IV & 1 Vict. and at the same time to read into the Georgia statute another requirement of 7 Wm. IV and 1 Vict. See 1 Page on Wills (1941), p. 630, § 349. In my opinion, a will is not invalid under our Georgia statute because one or more of the witnesses signed before the testator where the execution is completed at one entire transaction.". . . [N]o possible opportunity for fraud is presented by permitting [a] testator to sign or acknowledge immediately after the witnesses have signed or acknowledged, and at the same transaction; and accordingly such fact should not be held to render the will invalid. . ." Page on Wills (1941), pp. 672, 677, § 372; p. 652, § 360.