## O'BRIEN *vs.* GALAGHER AND ANOTHER.

It seems to be the inclination of courts in the United States to consider the order in respect to time in which the testator and witnesses put their names to a will, as immaterial, provided the instrument is in all other respects legally executed.

Where witnesses called to attest the execution of a will, subscribed their names as witnesses thereto, and the testator afterwards in their presence duly executed the same, all which was done at one time, and for the purpose of perfecting it as a will; it was held, that such will was legally executed.

THIS was an appeal from a decree of the court of probate for the district of Hartford, approving of the last will and testament of Edward Galagher.

The cause by consent of parties, was heard before the Hon. Wm. L. Storrs, as a judge of the superior court, who made a special finding of the facts, and reserved the case for the advice of this court.

From that finding it appears, that on the 25th day of August 1855, Galagher being the owner of real and personal estate, and sick, sent for one Duffy, a clergyman of the Roman Catholic church, to officiate as such clergyman, and after he had done so, Galagher requested him to draw his will. Duffy accordingly drew it in conformity with Galagher's instructions, and then called two other persons into the room to witness the execution of the will, to whom he read the instrument which he had drawn up. Duffy and these two persons then put their names to the instrument as witnesses, and Galagher afterwards made his mark or signature. All that was said and done on that occasion, was said and done in the presence of the testator and witnesses, occupied but a few minutes, and was without interruption or the transaction of any other business.

*Robinson*, for the appellant.

The instrument in question was not a will at the time of the attestation, not having been executed by the testator.

In England, it has been uniformly decided, that a will attested before being signed, should not be admitted to probate.

*Olding's Case,* 2 Curt. Eccl. R., 865. *Ann Allen's Case,* 2 Curt. Eccl. R., 331. *Byrd's Case,* 3 Curt. Eccl. R., 117. *Cooper* v. *Bockett,* 2 Curt. Eccl. R., 648. *Playne* v. *Scriven,* 1 Rob. Ecc. Rep., 772. *Thompson* v. *Hull,* 14 Eng. Law & Eq., 598.

*W. N. Hawley,* for the appellee.

1. The will in question was duly attested, as the time when witnesses affix their signatures to a will, whether before or after the testator affixes his, is not material, all other acts being legally done. 3 Greenl. Cruise, 49. *Swift* v. *Wiley,* 1 B. Monr., 117. *Pollock* v. *Glassell,* 2 Grat., 439. *Vaughan* v. *Burford,* 3 Bradford R., 78.

2. It is not material what words are used by a testator in publishing his will, if they are such as convey to the witnesses the fact that it is his will. 3 Bradford R., 78. 3 Greenl. Cruise, 50, and authorities their cited.

3. Nor is it material whether a testator publishes his will before or after its execution. Authorities *supra.*

WAITE, C. J. The question in this case, is whether the will of Galagher was legally executed, the subscribing witnesses having put their names to it before it was signed by the testator.

Several cases have been cited from the ecclesiastical courts in England, in which it was holden that wills so executed were invalid. The reason assigned is, that the instrument does not become a will, until signed by the testator, and therefore putting the names of the witnesses to the instrument, before it is signed by him, is not the attestation of the will which the law requires.

These decisions are of modern date, as those courts have jurisdiction only of wills of personal property, and it is only by recent statutes in that country, as well as in this, that such wills are required to have witnesses; devises of real estate being proved in the common law courts.

We have not been referred to any case in those courts, nor have we been able to find one in which this question has been made. And it is strange that no such case can be

found, if the impression of the legal profession was against the validity of a will executed in the manner this was.

So far as the question has been noticed in the American courts, the inclination seems to have been, to consider the order in which the testator and the witnesses put their names to the will as immaterial, provided the instrument is in all other respects legally executed.

We are not entirely satisfied with the decisions of the English ecclesiastical judges, whose opinions are very brief, and apparently given without a very full examination of the question.

The general and regular course undoubtedly is, for the testator, in the first place to sign and execute the will on his part, and then call upon the witnesses to attest the execution, by subscribing their names.

But where as in the present case, witnesses are called to attest the execution of a will, and being informed what the instrument is, subscribe their names thereto as witnesses, and the testator on his part and in their presence duly executes the instrument as his will, and all is done at one and the same time, and for the purpose of perfecting the instrument as a will, we can not say that it is not legally executed merely because the names of the witnesses were subscribed before that of the testator.

We therefore advise the superior court to affirm the decree of the court of probate establishing the will.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Decree of probate affirmed.