JAMES W. GIBSON

*v.*

EVA NELSON *et al.*

*Opinion filed October 13, 1899.*

WILLS—*testator may sign after witnesses, if part of the same transaction.* A will is not invalid because the signatures of the attesting witnesses were attached before that of the testator, who signed the instrument directly afterward in their presence and as part of the same transaction.

APPEAL from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

GEORGE G. BELLOWS, for appellant:

The statute of this State provides the manner in which wills are to be executed,—among other things that a will shall be attested by two witnesses in the presence of the testator. Hurd's Stat. 1897, chap. 148.

Attestation is an act of the senses; subscription an act of the hand. *Swift* v. *Wiley,* 1 B. Mon. 114.

The word "attested" may in our statute be used in a two-fold sense, including the act of the senses as well as the act of the hand. The attestation is the presence of the witnesses in witnessing the signature of the testator or hearing his declaration that it is his will. Subscription is to establish identification when occasion demands. Witnesses need not know the contents. *Higdon's Will,* 6 J. J. Marsh. 445.

A substantial compliance with the spirit of the statute is all that reason and sound policy require. *Montgomery* v. *Perkins,* 2 Metc. (Ky.) 449.

The order of time in which the witnesses and the testator subscribed their names is not material, as long as it is all one act. By attestation it is intended that a will is published, and subscription is for identification. *Swift* v. *Wiley,* 1 B. Mon. 114; *O'Brien* v. *Gallagher,* 25 Conn. 230.

Where the acts are substantially contemporaneous it cannot be said there is any substantial priority. *Kauf-man* v. *Caughman,* 49 S. C. 165.

M. C. HARPER, and O. C. PETERSON, for appellees:

A paper purporting to be a will, but signed by the witnesses before being signed by testator, is not a will. *Duffie* v. *Corridon,* 40 Ga. 122; *Brooks* v. *Woodson,* 87 id. 379.

Since it is the signature of the testator that subscribing witnesses are to attest, there can be no valid attestation or subscription unless it be a fact that the testator has actually signed his name or caused it to be signed before they subscribe their names. *Simmons* v. *Leonard,* 91 Tenn. 183; *Chase* v. *Kittredge,* 11 Allen, 49; *Jackson* v. *Jackson,* 39 N. Y. 153; *Sisters, etc.* v. *Kelly,* 67 id. 409; *In the Goods of Olding,* 2 Cur. Eccl. 865; 3 id. 117; *Rugg* v. *Rugg,* 21 Hun, 383; *Cooper* v. *Bockett,* 3 Cur. Eccl. 648; *Shaw* v. *Neville,* 1 Jur. (N. S.) 408.

Mr. JUSTICE CARTER delivered the opinion of the court:

Upon their bill brought to contest the last will, and the probate thereof, of Leander E. Nelson, deceased, the appellees obtained a decree based upon a verdict of the jury that the will had not been signed by the testator when the attesting witnesses signed their names as witnesses to the instrument, and that it was not the last will of the deceased, and it was accordingly set aside. The record is now before us on the appeal of James W. Gibson, the principal legatee and devisee.

While there was some controversy of fact, yet we think the effect of the testimony of the subscribing witnesses was that they subscribed their names as witnesses to the instrument, as the last will of the testator, at his request and in his presence, but that he did not sign the will until after the signatures of the witnesses had been affixed; that the witnesses and the testator were all present at the time; that it was on the same occasion and was one

transaction, completed when all were present, but that in the mere order of signing the witnesses preceded the testator. On behalf of the contestants the court gave to the jury the following instruction:

"The jury are instructed, that in order that a will be properly attested and be a valid will it is necessary that the attesting witnesses subscribe their names to the same as witnesses in the presence of the testator and at his request, and that the name of the testator be signed to the instrument before the signatures of the attesting witnesses are attached; and you are instructed that if you find, from the evidence, that the signature of Leander E. Nelson was not attached to said instrument so offered here as his will, until after the names of the attesting witnesses were attached thereto, then said instrument is not the last will and testament of said Nelson, and it is your duty so to find."

The question is thus presented for decision whether, under our Statute of Wills, an instrument intended as a will, appearing to have been executed and witnessed with all the formalities required by the statute, must fail to take effect as a will merely because the act of the testator in signing the will followed that of the witnesses, though done in their presence on the same occasion and as a part of one entire transaction. Section 2 of the act in regard to wills, so far as it affects this question, provides: "All wills * * * by which any lands, * * * goods and chattels are devised shall be reduced to writing and signed by the testator or testatrix, or by some person in his or her presence and by his or her direction, and attested in the presence of the testator or testatrix by two or more credible witnesses, two of whom declaring on oath or affirmation, before the county court of the proper county, that they were present and saw the testator or testatrix sign said will * * * in their presence, or acknowledged the same to be his or her act and deed, and that they believed the testator or testatrix

to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will   *   *   *   to admit the same to record;   *   *   *   and every will,   *   *   *   when thus proven to the satisfaction of the court, shall, together with the probate thereof, be recorded,   *   *   *   and shall be good and available in law," etc.

It will be noticed that the statute does not in terms require the subscribing witnesses to attest or certify that the will was signed by the testator *before* they subscribed their own names, and in *Hobart* v. *Hobart*, 154 Ill. 610, we held that where the testator acknowledged the *will* to be his act and deed, that was sufficient without acknowledging specifically and in terms that he had signed it; that as it would not be a will without his signature, it would, in the absence of proof, be presumed from his statement that it was his will and that he had signed it. In that case it was pointed out that decisions based upon the English statute, and the statutes of New York and other States requiring specifically that the *signature* be made or acknowledged in the presence of the witnesses, were not applicable here, where the statute requires that the testator acknowledged merely the *will*. It cannot, of course, be presumed in the case at bar that at the precise moment when the witnesses subscribed their names to the instrument the testator had signed it, for they testified to the contrary on the trial below; but he signed it in their presence, as required by the statute, and the several acts of signing by the testator and witnesses took place on the same occasion and constituted one transaction, viz., the execution and attestation of the will. Must the instrument be held inoperative as a will merely because the testator and the witnesses did not observe the usual order, in point of time, in signing their names? To so hold would, in our opinion, require a greater degree of nicety in the execution of wills than is required by the statute. Suppose the draftsman of a will has read it

over to the testator, and the testator, having approved it, requests him to subscribe his name as a witness, and he does so at the time and in the presence of the testator and then hands the pen to the testator, who thereupon signs the will, is there any provision of the statute or rule of law which would require the courts to take notice of the difference in the moment of time intervening between the two acts of signing, where both were parts of one transaction? We know of none. It would not be physically impossible for the testator and the witnesses to sign at the same time, yet under the rule contended for and as held by the court below the will would be invalid because the testator did not sign first. Undoubtedly the proper order is for the testator to sign first, for after the witnesses had signed he might never sign, or might sign on some other occasion or out of their presence, which would not be a compliance with the statute; but we are not prepared to hold that the validity of the instrument as a will can be made to turn upon the mere order in which the signatures are attached to the instrument, where all are attached at the same time.

We are referred to cases, both English and American, which have so decided, but we do not regard the reasoning employed satisfactory when applied to a case arising under our statute. In *Chase* v. *Kittredge*, 11 Allen, (Mass.) 63, while it was said that a will was not sufficiently witnessed where the witnesses signed their names before the testator signed, still the fact was, in that case, that one of the witnesses had not only signed his name before the testator had, but had signed it out of the presence of the testator. Still, it has undoubtedly been held in many cases that a will signed by the attesting witnesses before it was executed by the testator, though on the same occasion, is not entitled to probate. We are of the opinion, however, that as applicable to cases arising under our statute, cases holding to the opposite view are sustained by the better reasoning. In *O'Brien* v. *Galaher*, 25 Conn.

229, the court said: "Where, as in the present case, witnesses are called to attest the will, and being informed what the instrument is, subscribe their names thereto as witnesses, and the testator on his part and in their presence duly executes the instrument as his will, and all is done at one and the same time and for the purpose of perfecting the instrument as a will, we cannot say that it is not legally executed merely because the names of the witnesses were subscribed before that of the testator." So, also, in *Rosser* v. *Franklin,* 6 Gratt. 1, (52 Am. Dec. 97,) it was held that "the mere fact whether, in the order of time, the testatrix made her mark before or after the subscription of the witnesses, is, under the circumstance, in nowise material, insomuch as the whole transaction must be regarded as one continuous, uninterrupted act, conducted and completed within a few minutes, while all concerned in it were present, and during the unbroken supervising attention of the subscribing witnesses." So, too, in *Miller* v. *McNeil,* 35 Pa. 217, (78 Am. Dec. 333,) the court said: "Our statute contemplates, undoubtedly, a signature by the testator and then a signing by witnesses in attestation of the signature; * * * but when a transaction consists of several parts, all of which occur at the same moment and in the same presence, are we required to undo it because it did not occur in the orderly succession which the law contemplates? No language of our statute of wills imposes any such necessity upon us, and we would not decide anything so unreasonable except under stress of very positive statutory language. The execution and attestation of the will were contemporaneous, or, rather, simultaneous, acts, and we will not regard the question who held the pen first,—the testator or his witnesses." In 1 Redfield on Wills, *226, it is said: "The particular order of the several requisites to the valid execution of a testament is not at all material, provided that they be done at the same time and as a part of the same transaction."

These authorities, and others following them, hold, in our opinion, the more reasonable rule. To invalidate such a will, otherwise properly executed and attested, would enable a witness, after the lapse of many years, to defeat its operation by proof of an unimportant fact which few could then remember. How many witnesses to wills, unaided by presumptions and inferences which arise from the ordinary course of procedure in the execution of wills, could remember as a fact that the testator signed the will first? While it is true, as contended, that the instrument is not a will until it has been executed by the testator and cannot be attested as a will by the witnesses without such execution, it is also true that it is not a complete will until it has been attested by the necessary witnesses, the statute requiring both. While this attestation required by our statute includes the subscription of their names by the subscribing witnesses, it means much more,—that is, that they bear witness and certify to the facts required by the statute to make a valid will. (*Swift* v. *Wiley*, 1 B. Mon. 114.) The mere physical act of signing their names does not constitute the whole, nor the most important part, of the duty of attesting witnesses. If all of the several acts required by the statute are done upon the same occasion, in the presence of the testator and the attesting witnesses, and, as said in the case cited above, under their unbroken supervising attention and as parts of one entire transaction, we can not hold that the instrument is rendered inoperative as a will by merely proving the fact that the signatures of the witnesses were affixed before the signature of the testator. In the case at bar this fact did not appear by the testimony of the subscribing witnesses given in the probate court when the will was admitted to probate, but they testified to it on the hearing of the issue in this case in the circuit court. The will upon its face appeared to have been properly executed and witnessed, and the mere fact, which appeared by the evidence, that the tes-

tator signed it after the witnesses had signed was rendered harmless by the further fact shown by the evidence, that these several acts of signing were done at the same time and as parts of the same transaction.

The court erred in giving the instruction in question. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*