HENRY W. BARNES, administrator with the will annexed, *vs.* FREDERICK A. CHASE.

Essex.    January 27, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Will*, Execution.

An alleged testator, who in his own handwriting had written his name in the exordium clause of a printed form for a will and had filled in the rest of the blank form except in the testimonium and attestation clauses, asked three persons to see him sign his will and thereupon wrote in the date in the testimonium clause, but did not sign the document, and in his presence and in the presence of each other the witnesses subscribed their names below the attestation clause, and he left the house. Five minutes later he returned, stating, "I forgot to sign my name to my will." Thereupon, in the presence of the same three witnesses he wrote his name in a blank space in the attestation clause but nowhere else. The

witnesses did not sign again. *Held,* that the statement of the alleged testator to the witnesses showed that he had not written his name in the exordium clause intending it to stand as his signature to the will, that the writing of his name in the testimonium clause, assuming it to have been good as a signature, was not attested by three witnesses who subscribed the will after its execution by the testator as required by our statute, and therefore that the will never was properly executed by the alleged testator.

APPEAL from a decree of the Probate Court for the county of Essex allowing the will of Elizabeth G. Bradley, late of Haverhill.

The appeal was heard by *Rugg*, J., upon an agreed statement of facts, from which it appeared that the will was written upon a form, part of which was printed; that all the written parts were in the handwriting of the alleged testatrix, she having written her name in the exordium clause ; that the testimonium clause of the will read as follows, the words in italics being in the handwriting of the alleged testatrix:

" In testimony whereof I hereunto set my hand and in the presence of three witnesses declare this to be my last will this *twelfth* day of *January* in the year one thousand nine hundred *10.*

" On this *twelfth* day of *January* A. D. 19*10 Elizabeth G. Bradley* of *Haverhill* Massachusetts, signed the foregoing instrument in our presence, declaring it to be h*er* last will: and as witnesses thereof we three do now, at h*er* request, in h*er* presence, and in the presence of each other, hereto subscribe our names.

> " Oscar L Colomy
> Ella L Colomy.
> Eva W Colomy."

At about seven o'clock on the evening of January 12, 1910, the alleged testatrix had come to the home of those who signed the above paper as witnesses, having made an appointment for them to witness her will. She immediately sat down at the kitchen table, unfolded the paper and asked Eva Colomy to bring her some ink and a pen. These being brought, she asked the three, Oscar L., Eva W. and Ella L. Colomy, to stand where they could see her sign her will. The three gathered around her and she took the pen and proceeded to read to them the testimonium clause, at the same time writing the day of the month, the month and the year therein. She then arose and said " now it is ready

for you to sign"; all three thereupon signed the attestation clause in her presence and in the presence of each other. She then thanked them, folded up the paper and went back to her home. In about five minutes she came back into the kitchen of the Colomy house and said, " I forgot to sign my name to my will." She then sat down at the same table and again asked the witnesses to gather around and see her sign her name. This all three did and she wrote her name where it appears in the attestation clause of said will and returned to her home.

The single justice ordered that the decree of the Probate Court be reversed and, at the request of the parties, reported the case to the full court for determination, a decree to be entered reversing the decree of the Probate Court and disallowing the instrument offered for probate and fixing the amount to be allowed to the petitioner for his costs and expenses and remanding the cause to the Probate Court for further proceedings, if the rulings of the single justice were right; otherwise, such decree to be entered as the law might require.

The case was submitted on briefs.

*E. B. Fuller & R. E. Gardner*, for the petitioner.

*A. C. Spalding & G. H. Spalding*, for the respondent.

LORING, J. The difference between the case made out in this suit and that made out in *Meads* v. *Earle*, 205 Mass. 553, is to be found in the statement made by Elizabeth on her return to the Colomy kitchen five minutes after the attesting witnesses had subscribed their names to the instrument now propounded as her last will, namely: "I forgot to sign my name to my will." That remark showed that she did not write her name in the exordium clause intending it to stand as her signature to the will when complete.

It is apparent that when the attesting witnesses subscribed their names the instrument had not been signed and that if it be assumed that in subsequently filling in her name in the testimonium clause. Elizabeth did sign the instrument the attesting witnesses did not afterwards subscribe their names. It follows that the paper never was properly executed as the will of Elizabeth Bradley. See *Chase* v. *Kittredge*, 11 Allen, 49; *Marshall* v. *Mason*, 176 Mass. 216.

By the terms of the report a " decree is to be entered revers-

ing the decree of the Probate Court and disallowing the instrument offered for probate as the last will and testament of Elizabeth G. Bradley, and fixing the amount to be allowed to the petitioner for his costs and expenses and remanding the cause to the Probate Court for further proceedings."

*So ordered.*