### WILL CONTEST MAY BE DETERMINED BY NINE JURORS.

Court of Appeals for Harrison County.

H. L. SLEMMONS ET AL V. JULIA A. TOLAND ET AL.

Decided, April Term, 1916.

*Wills—Actions to Contest Validity of—Verdict by Three-fourths or More of the Jury Sufficient—Order in Which Signatures are Affixed to a Will Not Essential.*

1. Article I, Section 2, of the Constitution, and Section 11455 of the General Code, includes actions to contest the validity of a will, and a verdict in such actions may be rendered upon the concurrence of three-fourths or more of the members of the jury.
2. A will, otherwise regularly executed in conformity with the provisions of Section 10505 of the General Code, is not invalidated by the fact that one of the subscribing witnesses to the will signed

as a witness before the testator signed the will, where the signing was one continuous transaction.

*Healea & Kinsey* and *A. O. Barnes,* for plaintiffs in error.

*P. W. Boggs, R. H. Minteer* and *Westenhaver, Boyd & Brooks,* contra.

POLLOCK, J.

Plaintiffs in error commenced an action against the defendants in error in the common pleas court of this county to contest the validity of the will of Elizabeth Slemmons, deceased, which will was on August 1st, 1914, duly probated in the Probate Court of Harrison County, Ohio, and an issue was made up whether of not the writing produced is the last will of Elizabeth Slemmons.

A trial was had in the court of common pleas, which resulted in a verdict sustaining the will. This action is prosecuted to reverse the judgment thereon rendered for errors which the plaintiffs claim occurred in the trial of the cause in the court below.

The court charged the jury that three-fourths or more of their number could return a verdict, and the verdict returned by the jury was concurred in by only ten of the jurors.

Article I, Section 5, of the Constitution of this state is as follows:

"The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

Section 11455 of the General Code, which was amended after the adoption of this provision of the Constitution in order to give effect to the Constitution, provides, in so far as it refers to this question, that:

"In all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number. The verdict shall be in writing and signed by each of such jurors concurring therein."

The plaintiffs contend that the Legislature only provided for a verdict by three-fourths of the jury in a civil action, and that the contest of a will is not a civil action but a proceeding provided by statute. That the term ''civil actions'' in this section embrace only such cases as were before the code known as actions at law and suits in equity. The General Code, Section 11237, defines an action as follows:

''An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense.''

And Section 11238 provides that:

''There shall be but one form of action, to be known as a civil action. This requirement does not affect any substantive right or liability, legal or equitable.''

Thus it appears that a ''civil action'' includes all ordinary proceedings involving process, pleadings, and ending in a judgment which finally determines the matter in controversy between the parties before the court.

In *Webb* v. *Stasel*, 80 Ohio St., 125, Shauck, Justice, said:

''It has long been familiar to counsel that the civil action of the code includes all such proceedings as prior to its enactment were regarded either· as actions at law or suits in equity, and rights of action since authorized by statute unless the authorizing statute itself defines a mode of enforcing the right at variance from the procedure prescribed·by the code.''

We are not left to the general provisions of the code to determine the character of the proceeding to contest the validity of a will, but Section 12079 provides that a person interested in a will or codicil that has been admitted to probate may contest its validity by a civil action in the common pleas court.

The Legislature by this section of the code has provided the action by which parties interested in the distribution of an

estate, which has been disposed of by will, may contest the validity of the will in the common pleas court. We have never had any constitutional limitations on the mode of procedure in actions of this nature, but the kind of action has always been fixed by legislative enactments.

By the act of February 26, 1824, it provided that the contest of the validity of a will should be by a bill in chancery. This mode continued until the adoption of the civil code and the act of March 14, 1853, relating to the jurisdiction of the probate court, where the right to contest the validity of a will was authorized by petition to the court of common pleas of the proper county. Since that time the act above referred to has been amended, and we now have Section 12079 of the General Code, providing that the remedy may be by a civil action. The contest of the validity of a will is now a civil action, and the trial proceeds under the civil code, except where changed by the code in the chapter providing for the contest of wills, and then the trial must proceed in conformity with such special proceedings. *Dew et al* v. *Reid et al*, 52 Ohio St., 519.

In *Wagner* v. *Ziegler*, 44 Ohio St., 59, Justice Spear said:

"The statute provides the order in which the testimony shall be introduced, gives legal effect to the will and order of probate, and requires the case to be submitted to the jury. In other respects the trial is to be conducted as other jury trials are conducted; and it is the duty of the court in that case, as in other cases, to give proper instructions to the jury."

The only special statutory provision relating to the contest of the validity of a will is the requirement in regard to the issue—that it must be made up either by pleadings or by order on the journal, the legal effect of the order of probate of the will, and the order that the testimony shall be introduced; in all other respects the trial shall proceed as other civil actions.

We find no special requirement in regard to the verdict of the jury; and the provisions of the Constitution in regard to the verdict of the jury in civil cases, and the statute enacted to carry into effect that provision, controls in actions for the contest of the validity of wills.

There was no error in the court charging the jury that a verdict should be returned by the concurrence of three-fourths or more of the jury.

The plaintiffs further claim that the trial court erred in giving defendants' request to charge before argument. The request charged is as follows:

"If you find that the paper writing purporting to be the last will and testament of Elizabeth Slemmons was signed by her in the presence of the two witnesses, S. M. Farnesworth and Catharine A. Case, and that said witnesses signed the same in the presence of the testatrix, then I charge you that as to whether the testatrix signed her name before or after the witnesses had signed their names thereto is wholly immaterial."

There was testimony tending to prove that S. M. Farnesworth, one of the witnesses to the will, signed his name to the will as a witness before Miss Slemmons, the testatrix, had signed the will; that she signed immediately after this witness; that the will was then signed by the other witness, all one continuous and uninterrupted transaction, and in the presence of each other.

The provision of the code, Section 10505, regarding the execution of wills is as follows:

"Except nuncupative wills, every last will and testament must be in writing, but may be handwritten or typewritten. Such will must be signed at the end by the party making it, or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe or heard him acknowledge it."

In order to make a valid will the code requirements must be followed, and one of the essentials to the execution of a will is that it must be attested and subscribed in the presence of the testator by two witnesses, who either saw him subscribe or heard him acknowledge signing the will. The question then arises whether, if the witness to the will signed before the testator had signed, is it an attesting and subscribing as required by this statute?

This question first came before the English courts in a construction of Act 1, Vict., C. 26, Section 9. There it was held that it was necessary to the validity of the will that the testator sign the will before the witnesses signed. The provision of the English act was similar to the act of this state quoted above.

Some of the courts of this country have followed the decisions of the English courts, notably the New York Court of Appeals in *Jackson* v. *Jackson*, 39 N. Y., 153, and followed by that court in later decisions.

The Supreme Court of Massachusetts has also given a similar construction to the statute of that state in *Barnes* v. *Chase*, 208 Mass., 490 (94 N. E., 694).

The courts of Georgia have placed a like construction upon their statute. *Lane* v. *Lane*, 125 Ga., 368 (54 S. E., 90).

But the courts of many of the other states have placed a contrary construction upon the statutes of their respective states providing for the execution of a will.

"The view that seems to have the weight of modern authority is that 'in acts substantially contemporaneous it can not be said that there is any substantial priority,' and that where the execution is completed at one transaction it can not be held that the will is rendered invalid because one or more of the witnesses signed before the testator." *Page on Wills*, Section. 222.

The principle announced by Page has the support of the following cases: *O'Brien* v. *Gallagher*, 25 Conn., 229; *Gibson* v. *Nelson*, 181 Ill., 122 (52 N. E., 901); *Sechrest* v. *Edwards*, 61 Ky., 163; *Lacey* v. *Dobbs*, 44 Atl., 481; *Cutler* v. *Cutler*, 130 N. C., 1 (40 S. E., 689); *Miller* v. *McNiel*, 35 Pa. St., 217 (78 Am. Dec., 333); *Kaufman* v. *Caughman*, 49 S. C., 159 (27 S. E., 16); *In re Silva's Estate*, 145 Pac., 1015; *Horn's Estate* v. *Bartow*, 125 N. W., 696; *In re Shapter's Estate*, 35 Col., 575 (85 Pac., 688).

The object of requiring the execution of wills in order to render them valid to conform to a statutory formula, is to prevent fraud upon heirs at law in the distribution of the estate of their ancestors, and courts in the construction of these provisions should have this object in mind, and should not place such a

liberal construction, in order to sustain the execution, that the object of the statute would be destroyed. But when all the provisions of the statute are followed, the order in which the signatures of the testator and the witnesses are affixed to the will is not essential.

The Supreme Court of Kentucky in *Sechrest* v. *Edwards*, *supra,* say:

"Nor can it be material whether the names of the attesting witnesses or that of the testator should have been first subscribed, if, as in this case, the witnesses had been present when the testator * * * wrote his name, and, being called for that purpose, actually witnessed * * * the fact."

The statute does not expressly provide the order in which the signatures of the testator and the witnesses shall be subscribed to the will; all that it requires is that the will shall be attested and subscribed in the presence of the testator. If the persons who are present are told by the testator that he desires to execute his will by signing the paper writing there present, and that he desires these persons to sign the paper as witnesses thereto, the order of signing is not essential, if the signatures of the testator and that of the witnesses are subscribed at one continuous transaction.

The chances of fraud or imposition in the execution of the will are not increased by reason of one of the witnesses signing before the testator, where the testator signs immediately thereafter, and in the presence of the witness, if the will is otherwise regularly executed.

Harsh and unnecessarily technical rules of construction should not be required in the execution of a will which may defeat the right to dispose of property by will, where the statute does not expressly imply such a requirement, and the formalities of the statute are substantially followed.

Miss Slemmons had a right to dispose of her property by will, and she should not be deprived of that right through some defect in the execution of her will, unless it is material.

Mr. Farnesworth, one of the witnesses to the will, is the only one who testified that he signed the will before the testatrix.

He says he was called into the room where Miss Slemmons was; that after some talk with her regarding her desire to execute the will, and that she desired he be one of the witnesses, he took the paper and signed it, handed it to Miss Slemmons, and she signed and handed it to the other witness, and it was signed by that witness.

Other errors were urged by plaintiffs, but we do not find that any of them are well taken, and they are not of enough importance to merit further comment here. The judgment is affirmed.

SPENCE, J., and METCALFE, J., concur.