MABEL B. PORTER *vs.* FRANK B. BALLOU & others.

Suffolk.   April 7, 1939. — May 24, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Will,* Revocation, Execution.

Evidence that a testatrix, after signing her will below instead of above the attestation clause and after the witnesses had duly signed and departed, discovered her mistake, had the witnesses recalled, crossed out her signature and signed again above the attestation clause, but that the witnesses did not again sign their names, warranted a finding that there was no intention to revoke the will as originally signed; and, the original execution being valid, the will was properly admitted to probate.

PETITION, filed in the Probate Court for the county of Suffolk on February 14, 1938.

The petition was heard by *Mahoney*, J.

*J. F. Connolly*, for the respondents.

*H. R. Bygrave*, for the petitioner.

DOLAN, J.   This is an appeal from a decree entered in the Probate Court allowing a certain instrument as the last will of Elise B. Dale, late of Boston, deceased,

The sole contention of the respondents is that, although in the first instance the will was legally executed, it was later revoked by the deceased in the circumstances hereinafter described.

The will was executed by the deceased in her apartment on November 26, 1937. She signed the instrument beneath its attestation clause in the presence of three witnesses, who then signed their names beneath hers, at her request, in her presence and in that of each other. Prior to signing, the deceased told the witnesses that the instrument was her will. The respondents properly concede that the will was thus legally executed. The location upon the will of the signature of the deceased is immaterial, if, wherever it was placed, it was signed with the intention that it should be her signature to the will, and the evidence fully warranted a finding that the deceased signed her name beneath the attestation clause "*animo signandi.*" *Meads* v. *Earle*, 205 Mass. 553, 556, 557. *Thomson* v. *Carruth*, 218 Mass. 524, 531. Compare *Barnes* v. *Chase*, 208 Mass. 490, 492.

One of the witnesses was a nurse who was in attendance upon the deceased. Just after the other witnesses withdrew from the apartment, the deceased read the will over and told the witness nurse that she (the deceased) "had made a mistake and she must sign it in the proper place." At her request this witness recalled the other witnesses. This took place about five minutes after the original execution of the will. When all the witnesses were reassembled before her, the deceased said to them: "I made a stupid mistake and signed on the wrong line and I will have to sign it again and will you witness it." The deceased then drew some lines in ink through her previous signature, which still remained legible, and signed the instrument in the space between the "*in testimonium*" and the attestation clauses in the presence of the three witnesses. The latter did not resubscribe their names as attesting witnesses. The judge entered a decree allowing the instrument as the will of the deceased; he stated in the decree, in substance, that he found that the instrument was legally executed, that the additional signature of the deceased (that last placed

thereon) was surplusage, and that the drawing of lines through her initial signature by the deceased was not done for the purpose or with the intent of revoking the will.

G. L. (Ter. Ed.) c. 191, § 8, provides as follows: "No will shall be revoked except by burning, tearing, cancelling or obliterating it with the intention of revoking it, by the testator himself or by a person in his presence and by his direction; or by some other writing signed, attested and subscribed in the same manner as a will; or by subsequent changes in the condition or circumstances of the testator from which a revocation is implied by law."

It is established that the question whether a cancellation operates as a revocation of a will is in the last analysis one of intent. *Sanderson* v. *Norcross*, 242 Mass. 43, 45. "The intent to revoke, and the doing of one of the acts required by the statute, must both exist at the same moment." *Worcester Bank & Trust Co.* v. *Ellis*, 292 Mass. 88, 91, and cases cited. We think that the finding of the trial judge that the deceased did not draw the lines through her first signature with the intention of revoking the will was right. It is manifest that this action on her part was based on the mistaken belief that, as she had not signed in the usual place, her will had not been legally executed. In these circumstances, the attempted reëxecution of the will having failed for lack of proper execution, the cancellation of her original signature by the deceased became inoperative. *Walter* v. *Walter*, 301 Mass. 289, 291, and cases cited. The decree entered in the Probate Court is

*Affirmed.*