[Civil No. 4069.   Filed December 11, 1939.]

[96 Pac. (2d) 747.]

In the Matter of the Estate of EUGENE BRAS-HEAR, Deceased.   FRANK DONER and ANNA MAE McFARLAND, Appellants, v. FANNIE GLASCOCK and CHARLES B. WARD, Administrator, Appellees.

Messrs. Cox & Moore and Mr. B. L. Hibbert, for Appellant Frank Doner.

Mr. Albert R. Smith, for Appellant Anna Mae McFarland.

Mr. Robert DeWolf and Mr. Floyd M. Stahl, for Appellees.

LOCKWOOD, J.— ██ Frank Doner and Anna Mae McFarland, hereinafter called petitioners, filed their petition for the probate of the will of Eugene Brashear, hereinafter called deceased, in the superior court of Maricopa county. Fannie Glascock, hereinafter called contestant, filed grounds of opposition to the probate of the will, setting up four objections thereto which, in substance, amounted to an allegation that the will was not executed in the manner required by law. The matter came on for trial before the court sitting without a jury, and oral and documentary evi-

dence was introduced by both parties. Thereafter the court sustained the objections to the admission of the will to probate, and Charles B. Ward was appointed administrator of the estate of the deceased. No findings of fact were requested nor made. We must, therefore, assume that the court found every fact necessary to support its judgment. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587. And if there is any substantial evidence which would support such presumed findings, we must sustain them. *Warren* v. *Mosher,* 31 Ariz. 33, 250 Pac. 354, 49 A. L. R. 1311; *Aldous* v. *Intermountain B. & L. Assn.,* 36 Ariz. 225, 284 Pac. 353.

The real question before us is whether there is any reasonable evidence to sustain the conclusion which the trial court necessarily must have reached that the will offered by petitioners for probate was not executed as required by section 3637, Revised Code of 1928, which reads as follows:

"Form and execution; holographic. Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator, or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses, above the age of fourteen years, subscribing their names thereto in the presence of the testator. When it is wholly written by the testator, the attestation by subscribing witnesses is not necessary."

We think the evidence would reasonably sustain the conclusion that the actual facts surrounding the execution of the will were as follows: At the time of the execution of the will the deceased was eighty-five years of age, but of sound mind. At his request, George W. Vaughn, who for many years had been a friend of deceased, prepared the will in question which left substantially all his property to his niece, Anna Mae Mc-

Farland, one of the petitioners herein. The terms of the will were given to Vaughn by the deceased and Frank Doner, another friend of the latter. Thereafter the will was signed by the deceased and three witnesses, Henry Hendricksen, Mrs. Myrtle Miles and her daughter, Gladys Miles. So far the evidence is undisputed, but a sharp conflict appears over the time and manner in which the will was signed by the deceased and the witnesses.

▮▮▮▮ It is agreed by both petitioners and contestant that when Gladys Miles signed the will it was not in the presence of the testator, and that she cannot be considered as a witness within the meaning of section 3637, *supra*. Myrtle Miles testified she was called over to the home of deceased, which was across the street from her residence, and found there deceased, Vaughn and Doner. She continued her testimony as follows:

"Q. Now, when you got there I believe you said Mr. Brashear told you this was his will. A. Yes, sir.

"Q. Then did you sign it? A. Yes; Mr. Vaughn explained where I should sign it. They had a little table out there and I signed it and passed the time of day with Mr. Brashear and hurried home about my work.

"Q. Did you see the signature Eugene Brashear placed there on that will? A. No, I saw no one sign the will; I signed it and hurried home.

"Q. When you signed it was it signed here? A. I don't remember seeing his signature and don't remember seeing him sign it at all.

"Q. In your opinion it wasn't signed? A. In my opinion it wasn't signed at the time I signed it.

"Q. As you recall things, was your name the only name on there when you signed it? A. Yes.

"Q. Mr. Vaughn asked you to sign here where you signed on the second line? A. Yes.

"Q. That is all the signing you saw? A. That is all the signing I saw; I knew they were there for that purpose, but I didn't wait to see it done.

"Q. You didn't see Eugene Brashear signing the will with Mr. Hendricksen's help? A. No, I didn't; I was in a hurry. They didn't ask me to stay. I hurried home about my work.

"Q. That was done after you left? A. Yes.

"Q. When you got there there was no signature on the will at all? A. I don't remember any signature on the will at all.

"Q. Mr. Hendricksen hadn't signed here as a witness? A. No."

The evidence of Frank Doner was that Mrs. Miles was not present when deceased signed the will. We think this evidence alone was sufficient to justify the trial court in concluding that the deceased did not sign the will in the presence of Myrtle Miles, nor was it signed by him until after she had signed her name as a witness and left the premises. It is true there is evidence to the contrary by other witnesses, but their credibility was, of course, for the trial court. On this state of facts, was the will properly witnessed by Myrtle Miles?

█ There are two lines of authorities as to whether it be necessary for a testator to sign before the attesting witnesses fix their names to a will. The English authorities hold unanimously that the attestation of a will is not valid unless the testator signs before the attesting witnesses, and they are followed by a number of American jurisdictions. *Hindmarsh* v. *Charlton,* VIII H. L. Cas. 160, 11 Eng. Rep., 388; *Jackson* v. *Jackson,* 39 N. Y. 153; *Irvine's Estate,* 206 Pa. 1, 55 Atl. 795; *Lacey* v. *Dobbs,* 63 N. J. Eq. 325, 50 Atl. 497, 92 Am. St. Rep. 667, 55 L. R. A. 580; *Chase* v. *Kittredge,* 11 Allen (Mass.), 49, 87 Am. Dec. 687; *Reed* v. *Watson,* 27 Ind. 443; *Duffie* v. *Corridon,* 40 Ga. 122.

On the other hand, in many American jurisdictions it is held that when the execution and attestation of a will occur at the same time and place and form part of the same transaction, it is immaterial that the wit-

nesses subscribe before the testator signs, so that their attestation immediately precedes, instead of succeeds, the execution of the will by the testator. *In re Silva's Estate,* 169 Cal. 116, 145 Pac. 1015; *In re Shapter's Estate,* 35 Colo. 578, 85 Pac. 688, 117 Am. St. Rep. 216, 6 L. R. A. (N. S.) 575; *O'Brien* v. *Galagher,* 25 Conn. 229; *In re Horn's Estate,* 161 Mich. 20, 125 N. W. 696, 20 Ann. Cas. 1364, 26 L. R. A. (N. S.) 1126; *Gibson* v. *Nelson,* 181 Ill. 122, 54 N. E. 901, 72 Am. St. Rep. 254; *Slemmons* v. *Toland,* 5 Ohio App. 201. But we know of no case which holds the will is valid where one of the necessary witnesses attested the will before the testator signed it and the attestation of the witness and signature of the testator were at different times and places, so that the witness did not see the testator sign nor hear him acknowledge his signature after signing. There are a number of cases, on the other hand, which expressly hold that under such circumstances the will cannot stand. *In re Kahl's Estate,* 278 Mich. 561, 270 N. W. 787; *Reynolds* v. *Massey,* 219 Ala. 265, 122 So. 29; *Limbach* v. *Bolin,* 169 Ky. 204, 183 S. W. 495, L. R. A. 1915D 1059; *In re Baldwin's Will,* 146 N. C. 25, 59 S. E. 163, 125 Am. St. Rep. 466. The trial court was, therefore, correct in holding that if the witness Myrtle Miles attested the will before the deceased had signed, and then left his presence and never saw him affix his signature thereto, nor heard him acknowledge it thereafter, the provisions of section 3637, *supra,* were not complied with and the will was not a valid one.

The order appealed from is affirmed.

ROSS, C. J., and McALISTER, J., concur.