DAVID J. LAMB, propounder, plaintiff in error, vs. BENJ. F. GIRTMAN, et al. caveators, defendants in error.

[1.] The Court was requested to charge, that if the testator "might have seen" the attestation, it is sufficient; that "it is not necessary, that he should actually have seen the attestation·'" The Court refused to give this charge, but said," if the attestation be in the same room, this is the law; otherwise, it is not."

*Held,* That the Court erred in not giving the request·in charge, there being evidence to authorize the request.

[2.] It is a violation of the law of Georgia, for a testator to convey property to his slave.

[3.] The mere recognition of a void will, cannot make the will valid.

[4.] It is lawful to prove a trust, by circumstantial evidence.

[5.] The propounder joined issue with the caveator on the merits.

*Held,* That this was at least *prima facie* evidence, that the caveators were heirs and therefore, that a motion of the propounder to dismiss their appeal, on the ground, that there was no evidence, that they were heirs, was properly overruled.

Caveat to will, in Jefferson Superior Court. Tried before Judge Holt, at December Term, 1857.

This was an appeal from the judgment of the Court of Ordinary, admitting to probate the will of Andrew Girtman, deceased.

The principal question before this Court was, whether the will was executed according to law.

The deceased being advanced in years, and of feeble health, sent for James S. Spier to write his will, and for Spencer G. Spivey and Zacheus L. Brown to witness it. The will was written according to the instructions of deceased, and was then signed by him in a room or hall adjoining his bed room, after which he got up, saying, " you are done with me now. I'm very weak; I'll go and lie down," and went to his bed room ; one of the witnesses accompanying him to the door of his room "to help him." The subscribing witnesses then signed their names at the table in the hall; none of them seeing the testator, or knowing or recollecting the position he occupied in his bed-room at the time. The door between the rooms was open, and if testator upon going into his room lay down on his bed in the usual position he could not see the witnesses at the table where the attestation took place; if he lay with his head to the foot of the bed, or set up on the side of the bed, he could see the table, and he could see if from other points in his bed-room. After the witnesses had subscribed their names, and in about *fifteen minutes*, after testator had left the table, he was seen lying on his bed in a position from which he could not have seen the witnesses subscribe. None of the witnesses saw testator or knew where he was, that is, in what part of the room or bed he was, at the time they signed the will.

Upon the trial, during the examination of one of the subscribing witnesses, the presiding Judge remarked in the presence and hearing of the jury, that the will " bore upon its

Lamb vs. Girtman et al.

face, strong marks of suspicion." And to this remark, propounder excepted.

The testimony being closed, counsel for propounder requested the Court to charge the jury:

1st. That if the jury believe the testator might have seen the attestation of the will, it is sufficient; it is not necessary that he should actually have seen the attestation. The Court refused to give this charge, but said, if the attestation be in the same room, this is the law, otherwise it is not.

2d. That although the law required the attestation in the presence of the testator, yet there may be cases in which the strictness of this rule may be relaxed and the will be admitted to probate. The Court refused to give this charge.

3d. That although the will may not have been attested in the actual presence of the testator; yet if the jury believe from the evidence, that he, (testator,) sent for the attesting witnesses to witness the will; that he subsequently retained the possession of the same for a considerable length of time; that while in his possession he recognized the paper set up as his will; that he subsequently refused to alter the same; that he on several occasions, subsequent to the making of said will, expressly stated, that the paper set up was his will, then they may find the attestation to have been sufficient. The Court refused so to charge.

4th. That it is not unlawful for the testator to give to any one, any portion of his property, although such person so receiving the legacy were not of testator's kinsman. The Court charged as requested.

5th. That if by the third item of the will, the jury believe the property therein conveyed, vests absolutely in Bell, the legatee, that it is subject to his alienation, that it is liable to his debts and to distribution at his death; then that item is not a violation of the Acts of the Legislature of 1801 and 1818, preventing manumission. The Court charged as re-

quested, but further charged that they must find this item free from the secret trust prohibited by law.

6th. That although it is a violation of the Act of 1818, to attempt to permit slaves by deed, will or parol to have the profits of their labor and skill, while in a state of *quasi* slavery; yet that such a provision involves the control of their own time, exempt from the control of their master, the faculty of locomotion and the power of making engagements for work, and receiving without accountability the proceeds thereof. The Court refused to charge as requested. But charged that a secret trust that in the slightest manner interfered with a master's right, will vitiate a will.

7th. That it is not a violation of any law of Georgia, for a testator to convey, by will, money or property to a slave or slaves. The Court refused to charge as requested.

8th. That if the jury believe from the evidence that testator by the sixth item of the will intended to convey the two hundred dollars therein mentioned to the slaves mentioned in third item of said will, that such a conveyance is not void, neither is Bell obliged by law, so to apply said money; there is only a strong moral obligation resting upon him so to do. The Court gave this charge as requested.

9th. That the undue influence necessary to vitiate a will, must amount to a destruction of the testator's free agency at the time of the execution of the will. The Court gave this charge as requested.

10th. That although undue influence may be proven at the time of executing the will; yet if the jury believe that the testator subsequently acknowledged and recognized said will as his own, such acknowledgment and recognition rebuts and annuls the former undue influence. The Court refused to give this in charge as requested.

11th. That secret trusts are not presumable, but must be distinctly proven. This charge the Court refused to give, and counsel for propounder excepted.

The jury found for the caveators, and against the will, and propounders moved for a new trial:

1st. Because the verdict was contrary to law.

2d. Because the verdict was contrary to the weight of evidence.

3d. Because the Court erred in saying in the presence of the jury, that the paper proposed to be set up as a will, "bore upon its face strong marks of suspicion."

4th. Because the Court erred in refusing to charge as requested by counsel for propounder in the 1st, 2d, 3d, 6th, 7th, 10th and 11th requests.

5th. Because the Court refused to give in charge, the 5th request of propounder, without a qualification, which was calculated to mislead the jury, and which was not called for by the request.

6th. Because the Court erred in charging the jury as requested by counsel for caveators.

7th. Because the Court refused, on motion of counsel for propounders, to dismiss the appeal, on the ground, there was no evidence that caveators were heirs at law of deceased, nor had they so described or represented themselves.

The Court refused to grant a new trial, and propounder excepted.

WRIGHT & DENNEY; and POLHILL & CAIN, for plaintiff in error.

SHEWMAKE, and W. & R. CARSWELL, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

The first request of the propounder was, "that if the jury believe the testator might have seen the attestation of the will, it is sufficient; it is not necessary that he should actually have seen the attestation. The Court refused to give this charge, but said if the attestation be in the same room this is the law, otherwise it is not."

[1.] We think that the Court ought to have given this request in charge.

It was admitted, that the request was legal, if warranted by the evidence, but it was denied, that it was warranted by the evidence.

The evidence showed, that the testator was out of the room, at the time of the attestation. And his being out of the room, the propounder insists, raised a conclusive presumption, that the attestation was not in his presence; or if the presumption thus raised, was only a *prima facie* one, then he insists, that there was nothing in the evidence to rebut it, and therefore, that in either case, there was nothing to warrant the request. We agree that the testator's being out of the room, raised a presumption, that the attestation was not in his presence, but we cannot agree, that that presumption was a conclusive one; several cases have happened in which, the attestation was held good, although the testator was not in the room in which the attestation took place.

This presumption then, was one not conclusive, but subject to rebuttal. The propounder insists, that there was no evidence to rebut it.

Whether there were in proof, matters sufficient to rebut and destroy this presumption, we will not say; but we do think, that there were in proof, matters sufficient to raise the question with the jury, whether the presumption was not rebutted and destroyed. And if they were sufficient for this, they constituted evidence enough to warrant the request. It is needless to specify these matters. They are obvious.

There being then sufficient evidence to authorize the request, it was legal.

The request was in writing. And the new trial Act of 1854, requires a legal request if in writing to be given in its very words, and declares that if it is refused, a new trial must be granted by the Court refusing it, or by this Court on appeal to this Court.

We should have to grant a new trial, therefore, even if it

Lamb vs. Girtman et al.

were true, that the Court below had charged this request, in other words, as the counsel for the propounder, insist, that it is.   And the Judge does, in his written opinion on the motion for a new trial, say, that he told the jury, that the attestation would be sufficient, if it occurred at a place at which, it might be seen by the testator.   But he does not say, that he expressly withdrew, or varied, what he had said on refusing the request, which was, that the request was " the law," "if the attestation is in the same room."

The second request of the propounder is merely abstract.

His third request is in direct opposition to the statute, which says, that all wills " shall be attested and subscribed in the presence of the said devisor, by three or four credible witnesses, or else they shall be utterly void and of no effect." *Pr. Dig.* 915.   This provision is now extended to wills of personalty.   *Acts of* 1851–'2, 104.

His sixth request is so imperfect, that we are not sure what it means.

[2.] His seventh request, we think, was properly refused. The law of Georgia makes a conveyance to a slave, void. Besides, such conveyance by the master, is perhaps, an implied manumission, and the Act of 1818, makes every sort of manumission illegal.

The qualification to his fifth request, is so obviously one required by the Act of 1818, that the exception to it, was hardly relied on in this Court.

[3.] His tenth request was an improper one, we think.   A will made under undue influence, is absolutely void.   And the recognition of a void will, does not render the will valid, unless the recognition is of a kind, that it of itself amounts to a will; as that it is in writing and properly attested, &c.

[4.] We are not aware of any law that says, that a trust cannot be proved by circumstantial evidence.   It is about the only way, perhaps, in which a *secret* trust can be proved.

Lamb vs. Girtman et al.

The Court then, we think, was right, in refusing the propounder's eleventh request.

The last ground in the motion, is a sweeping one, that "the Court erred in charging as requested by counsel for caveator."

The requests of the caveator were pretty much the counterpart of the requests of the propounder, Disposing of the latter, is therefore disposing of them.

It is very doubtful, whether the expression used by the Court, in the presence of the jury, does not bring the case within the Act which forbids the Judge to express or intimate his opinion, in the presence of the jury, as to what has, or has not, been proved. It is certainly safer, that such expressions be not used.

[5.] We think that the Court was right in refusing to dismiss the appeal. The propounder joined issue with the caveators, on the merits. That was an admission, at least *prima facie*, that the caveators were heirs, and entitled to litigate. And the most that he could ask for after that, would have been to be allowed to amend his joinder, by pleading that the caveators were not heirs. This he did not ask for, but merely moved to dismiss the appeal, because there was no evidence in, that the caveators were heirs. Why should the caveators have brought evidence to a point which was not contested, which indeed was conceded by the joinder of issue on the merits.

New trial granted.