(25 Misc. Rep. 365.)

## In re HITCHLER'S WILL.

(Surrogate's Court, Erie County. November, 1898.)

**1. WILLS—PROBATE—EXECUTION—BURDEN OF PROOF.**
    The burden is on proponents to prove that a will offered for probate has been properly executed.
**2. SAME—SIGNATURE—ATTESTING WITNESSES.**
    Where the signature, though in fact on a will, is not seen by the subscribing witnesses, and their attention is not directed thereto, there is a lack of proof by such witnesses of the execution of the will.
**3. SAME—ATTESTATION CLAUSE.**
    When the attestation clause of a will was not read by the attesting witnesses, or read to them, the recitations in such clause are without weight.

Magdalena Hitchler and others contest the probate of the last will and testament of Henry Hitchler, deceased. Probate refused.

James G. Smith (George Wadsworth, of counsel), for executors.
Adelbert Moot, for contestants and special guardian.
Jacob Stern, for contestant John Endres.

MARCUS, S. Henry Hitchler died on the 5th day of April, 1897, leaving an estate of upward of $90,000 in real and personal property. His three sons-in-law, who are the executors named in his will, present the same for probate. The contesting parties are the widow, Magdalena Hitchler; Elizabeth Miller, a daughter; Henry Endres, an incompetent person; and John Endres. The hearing in this case occupied many months, and was finally submitted more than a year after its commencement. The contest has been made upon the usual statutory grounds, and a great amount of testimony, both expert and lay, has been offered. The question whether the deceased executed the instrument offered for probate, as required by law, will alone receive examination, since the disposition of that question, to my mind, makes useless all others presented. While the evidence given in attempting to prove fraud and undue influence and insanity, standing alone, without any evidence as to execution, would present a case not altogether free from doubt, yet, concluding as I have that this will was faulty in execution, the testimony offered upon those branches of the case is without consideration in the conclusion I have reached.

The law of this state is well settled that the burden of proof is upon the proponents, and, before an alleged will can be admitted to probate, the surrogate must be satisfied of the genuineness of the will, and the validity of its execution. It is equally well settled that the "weight of authority favors the theory that the statute fixes an inflexible rule by which to determine the proper execution of all testamentary instruments." The rule governing interpretation of wills when admitted to probate recognizes the intention of the testator as paramount and predominant, but that rule does not control in the consideration of the statute as to execution. In the latter case, courts consider the intention of the legislature, and not the intention of the testator. The acknowledgment by the testator of his subscription to the instrument, and his declaration that it is his

will, are independent requisites of its execution, and it must be shown that each was complied with. The law sanctions words of request or acknowledgment to proceed from another, and will then be regarded as those of the testator, if the circumstances show that he adopted them, and that the party speaking them was acting for him with his assent. Where the attesting witnesses do not see the testator subscribe his name to the will, the law requires that they should hear the testator acknowledge the fact of his having signed it. Subscribing witnesses to a will are required for the purpose of identifying the signature of the testator. For this purpose it is essential to the due publication of a will that either they should see the testator subscribe his name, or that, the signature being visible to him and to them, he should acknowledge it to be his; otherwise imposition might be possible, and sometimes the purpose of the statute might be frustrated. If the signature, though in fact upon the will, is not seen by the subscribing witnesses, or their attention directed thereto, then, as in this case, there must necessarily be a lack of proof by such witnesses upon the most essential point of a will, and the purpose of their presence almost entirely fails; for they are unable to say whether the signature of the testator was or was not upon the instrument at the time they were called upon to attest it. The testimony of the subscribing witnesses was such as to entirely defeat the probate of this will. Mr. Hausle, one of the executors, renounced his executorship, and then testified upon the question of execution, with the result that almost every deficiency in the proper execution of this will was supplied. The subscribing witnesses flatly contradict Hausle as to what took place at the time of execution. Their testimony takes away all the force that the law intended their signatures should stand for. This case presents no failure of memory. The subscribing witnesses testify that they have a memory; that it is clear that certain things did occur, and others did not occur. There is no dispute that the attestation clause was not read to the testator or witnesses, or that they themselves read the same, so that the facts recited therein are not established by the words of the clause. There are no surrounding circumstances that were used or brought into requisition in behalf of this will, nor is there any reason to question the testimony of the subscribing witnesses who were accidental ones to this will. They had little, if any, more than a passing acquaintance with the testator, and about the same with his family. The interest which a witness has in the subject of controversy, and the relation a witness bears to the case, may fairly be taken into consideration. By this test, everything points in favor of the testimony of the subscribing witnesses. Unless I am prepared to disregard the testimony of the subscribing witnesses for the testimony of Hausle alone, this will cannot be sustained.

I am satisfied that the execution of this will was not within the requirements of the statute, and that the proofs fall short of those required. If, however, each is given credit to tell the truth with an equal intention, the court is left in doubt, and would therefore

have to reject the will, since it is the duty of the proponents to satisfy the court, and not leave it in doubt. If the court is left in doubt as to whether the will was executed within the requirements of the law, it is not the will of the deceased. "It is for the proponents to make satisfactory and convincing proof of the factum of an alleged will, and, if the proof comes short of conviction, the paper offered may not be admitted to probate; and if, by the testimony, the matter is left in that state of uncertainty that the mind of the court is not brought to the belief of actual execution by the decedent, * * * this court will reverse a decree admitting it to probate, and will send the case to a jury for investigation." Howland v. Taylor, 53 N. Y. 628.

Without being influenced by any of the other elements introduced into this case, I am constrained to say that the proofs offered upon the execution of this will warrant the conclusion that this instrument was not executed within the formalities prescribed by statute, and in consequence probate of this instrument offered must be refused.

Probate refused.