### IN RE WILL OF McD. ARLEDGE.

(Filed 22 November, 1916.)

**1. Wills—Caveat—Admissions—Burden of Proof.**
> Upon trial of *devisavit vel non* the burden of showing the affirmative of the issue is upon caveator.

**2. Instructions—Wills—Caveats—Evidence—Trials—Questions for Jury.**
> The evidence in these proceedings of *devisavit vel non* being conflicting upon the issue, the propounder's requested instruction to find in favor of the validity of the will was properly refused.

APPEAL by propounder from *Carter, J.,* at March Term, 1916, of MECKLENBURG, in proceedings to caveat a will.

*T. W. Alexander, F. I. Osborne, and Pharr & Bell for propounder.*
*J. D. Murphy, F. M. Redd, Stewart & McRae, and Cansler & Cansler for caveators.*

CLARK, C. J. This was an issue of *devisavit vel non,* the caveators alleging that the execution of the will had been procured by undue and improper influence, and that the testator did not have testamentary capacity. To the issue, "Is the paper-writing offered, and every part thereof, the last will and testament of McD. Arledge?" the jury responded "No."

When the case was called for trial, counsel for caveators admitted the formal execution of the will, whereupon the court gave them the affirm-

ative in the trial of the case. *In re Peterson,* 136 N. C., 13. When they introduced their evidence and rested, the court ruled that there was not sufficient to submit the case to the jury on the second issue, and that he would submit it only on the first ground of "undue and improper influence."

At the conclusion of all the evidence, the propounder asked the court to instruct the jury that upon all the evidence, if the jury should believe the same, there was not sufficient evidence of undue influence, and to answer the issue in favor of the propounder. The court refused, and this presents the chief exception.

The case is an important one for more reasons than one, and the evidence on both sides was very prolix, a very large number of witnesses being examined. There are forty-four assignments of error, and the case was very fully and elaborately argued by able counsel on both sides. But as we see it, the real issue and the determinative factor was one of fact, and the jury have found that in favor of the caveators. If there was any error in the conduct of the trial by the learned judge, we do not think that it was prejudicial.

No new question of law is presented, and to go over the exceptions one by one would serve no good purpose and could be of benefit to neither party. The questions of law presented have each and all been often before the Court, and our rulings have been carefully and substantially followed by the learned judge, who held the scales even and exact in the trial.

No view that could be presented by either side has failed to appear either in the briefs or in the argument of counsel, and the cause has had the careful attention at the hands of the Court which its importance and the zeal and ability with which it has been argued by counsel entitle it to receive, and our matured judgment is that in the trial there was

No error.