## 35951. NEWTON v. PALMOUR.

MARSHALL, Justice.

The will of Nette Lee Grace was executed in 1967, with Bess Maddox Bland and Sara J. Holliman serving as the subscribing witnesses. The testatrix died in 1978, and her will was offered for probate by the executor, Will Hill Newton, Jr. The probate court sustained a caveat to the will filed by Barbara Grace Palmour. The propounder appealed to the superior court, and the superior court granted the caveatrix' motion for summary judgment. The propounder now appeals to this court.

The will contains an attestation clause, which is in proper form — that is, it is signed by the two subscribing witnesses and states, in pertinent part, that the testatrix signed the will in the presence of the two witnesses and the two witnesses signed the will in the presence of the testatrix.

However, Sara J. Holliman gave a deposition in which she testified that she was not in the presence of the testatrix when she witnessed the will.

Mrs. Holliman testified that in 1967 she had gone to the testatrix' home in order to witness her will. The testatrix was in her bedroom lying in bed, and the bed was "kind of in the center of" the bedroom, facing the door.

Mrs. Holliman left the bedroom, and, when she came back, Mrs. Bland, the other witness to the will, met her in the hall and told her that she had already signed the will. Mrs. Bland told Mrs. Holliman to sign, and Mrs. Bland then left.

In the deposition, Mrs. Holliman testified that when she signed the will, she was in the hall adjoining the testatrix' bedroom about five or six steps outside the door. When asked whether she could see the testatrix from where she was standing when she signed the will, Mrs. Holliman answered, "I didn't even see her any more, . . . I didn't see her any more, . . . I did not." She was asked whether she could see a portion of the bed from where she stood, and she responded that she did not think so, but she could not recall. She was then asked, "Did you make it a point at the time you signed [the will] to determine whether or not you could see [the testatrix]?" She replied, "I did not, but I'm sure you could see the entrance to the bedroom because it was just a few steps from it."

Upon being further examined, Mrs. Holliman testified that she did not look up to see if she could see the testatrix when she signed the will, but she was sure that she could not. She also did not look up to see if the testatrix was looking at her, but, because of the way the bed was positioned, she did not see how the testatrix could have seen her. She then testified that from where she was standing, you could not see around the door to the bed. When counsel pointed out to her that she had testified earlier that you could see a portion of the bed from where she stood, she responded, "Well, there is the possibility of that, but I wouldn't think so."

Mrs. Bland testified that although it was her belief that Mrs. Holliman was in the presence of the testatrix when Mrs. Holliman witnessed the will, she could not be certain because she, Mrs. Bland, was out of the room at the time.

The superior court ruled that since Mrs. Bland lacked personal knowledge of where Mrs. Holliman was when she signed the will, the only competent evidence on this issue was Mrs. Holliman's testimony that the testatrix could not have seen her subscribe her signature as a witness to the will. Accordingly, the superior court

ruled that the evidence undisputably showed that the requirements of the law had not been complied with in the execution of the will, and the caveatrix' motion for summary judgment was granted. *Held:*

All wills must be attested and subscribed by two or more competent witnesses in the presence of the testator. Code § 113-301. In order for the will to be signed by the subscribing witnesses "in the presence of" the testator, within the meaning of Code § 113-301, it is enough that the testator, without changing his position, might have seen the will being attested; it is not necessary that he actually saw it. *Glenn v. Mann,* 234 Ga. 194 (2) (214 SE2d 911) (1974). Accordingly, it has been held that the subscribing witnesses can attest the will, even though they and the testator are in adjoining rooms in the same house, if the testator in his actual location might have seen the attestation. *Robinson v. King,* 6 Ga. 539 (1) (1849).

A proper attestation clause to a duly signed and attested will raises a presumption that the will was legally executed. *Underwood v. Thurman,* 111 Ga. 325 (3) (36 SE 788) (1900). However, as recognized in *Underwood,* this presumption is rebuttable by "clear proof" to the contrary." *Underwood v. Thurman,* supra, p. 332.

We hold that Mrs. Holliman's testimony and the presumption of due execution arising from the attestation clause created an issue of fact as to whether the will was legally executed. Therefore, the case should have been submitted to the jury. Anything to the contrary in *Wood v. Davis,* 161 Ga. 690 (131 SE 885) (1925) will no longer be followed.

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1980 — DECIDED APRIL 9, 1980.

*Richard L. Mullins,* for appellant.
*Robert H. Smalley, Jr.,* for appellee.